**Salem**

JAMES O. MAYBERRY

v.

ALCOA BUILDING PRODUCTS, et al.

No. 0069-93-3

Decided March 8, 1994

COUNSEL

Thomas W. Dixon, Jr. (Nelson, McPherson, Summers & Santos, on brief), for appellant.

C. Ervin Reid (G. Rodney Young, II; Robinson, McCammon, Osthimer & Tatum, on brief), for appellees.

OPINION

**MOON, C.J.**—Appellant, James O. Mayberry, appeals the commission's finding that his claim to compensation for work incapacity was barred by the statute of limitations. We affirm because Mayberry had no awardable work incapacity within two years from the date of his accident. Mayberry's original claim was for medical treatment only and not for work incapacity. Mayberry's second application cannot be considered a change in condition application because it was filed more than two years from the date of the accident.

The facts are not in dispute. Mayberry suffered a compensable injury to his back and neck on October 24, 1989, while working for Alcoa Building Products (Alcoa) as an extruder operator. Between October 24, 1989 and December 23, 1991, Mayberry did not miss any work as a result of his injury. Shortly after the accident, Mayberry's physician recommended that he not work. Alcoa was informed of the physician's suggested restriction and assigned Mayberry to another part of the extruder line, which was physically less strenuous than Mayberry's previous position. After his new assignment, Mayberry continued to work the same hours and received the same wages as in his pre-injury employment.

Mayberry filed his original application on September 18, 1991, on a "Claims for Benefits" form seeking compensation for the payment of medical bills. With respect to compensation for wage loss, Mayberry indicated that he would have no disability until he had surgery. On October 9, 1991, the insurer voluntarily accepted the claim as compensable, but indicated it was processing the claim as "medical only" because Mayberry had not yet incurred lost wages. On October 29, 1991, the commission notified Mayberry that the employer had accepted his claim as compensable and that when he had surgery he should contact the carrier directly to advise them of his incapacity to work. Mayberry subsequently had surgery and missed work from December 23, 1991 to April 7, 1992.

On February 15, 1992, Mayberry filed an application for a hearing alleging a change in condition on the basis that he was temporarily totally disabled from work as of December 23, 1991. The deputy commissioner found that because Mayberry filed a change in condition application in February, 1992, he was entitled to a compensation beginning ninety days before the date of filing the application. Mayberry was thus awarded temporary total disability benefits for the period from December 23, 1991 through April 7, 1992.

The commission reversed and held that Mayberry was not entitled to compensation for work incapacity. The commission found that because no award was entered for work incapacity within two years from the date of his accident, Mayberry's claim was barred. The commission also found that the claim filed on September 18, 1991, was for medical treatment only and would have been anticipatory if it had been filed for work incapacity. The application filed on February 19, 1992, could not be considered a change in condition application because it was filed more than two years from the date of the accident and was barred by Code § 65.2-601.

■ A claim for compensation must be filed with the commission within two years after the accident or the claim shall be forever barred. Code § 65.2-601. This provision is jurisdictional, and failure to file within the prescribed time will bar a claim. *Barksdale v. H.O. Engen, Inc.*, 218 Va. 496, 497, 237 S.E.2d 794, 795 (1977).

Although Mayberry filed his initial application for medical expenses within the prescribed time period, he neither made a claim for, nor incurred, any lost wages within the two year period. Moreover, no award was ever entered by the commission. Because Mayberry did not file a timely application or demonstrate any disability during the two year period, Mayberry cannot be awarded compensation for total disability from December 23, 1991 to April 7, 1992.

We also hold that because no award for work incapacity was ever entered, Mayberry's application filed on February 15, 1992, cannot be treated as an application for a change in condition. The limitation period for filing a change in condition application to seek review of an award is set out in Code § 65.2-708(A), which provides that "the Commission may review an *award* ending, di-

minishing, or increasing the *compensation previously awarded."* (emphasis added).

██ Contrary to Mayberry's contention that the combination of the employer/insurer's voluntary acceptance of his claim for medical expenses and the commission's follow-up letter constitute an award, no *formal* award was ever entered by the commission. Therefore, there is nothing to review on a change in condition application. "It is impossible to have a change in condition without a prior award." *Allen v. Mottley Constr. Co.*, 160 Va. 875, 886, 170 S.E. 412, 416 (1933). Moreover, "voluntary payment of medical expenses by the [insurer] is not the payment of compensation which tolls the running of the statute of limitations." *Meade v. Clinchfield Coal Co.*, 215 Va. 18, 19, 205 S.E.2d 410, 411 (1974). Accordingly, Code § 65.2-708(A) is inapplicable because there was no compensation previously awarded which could be ended, diminished or increased.

Had Mayberry filed a claim for compensation for benefits before the statute had run, or received a formal award, he would have been eligible for Workers' Compensation benefits. However, because Mayberry did not file a claim for compensation, we conclude that he is barred by the statute of limitations from collecting his compensation benefits. Thus, the commission's decision is affirmed.

*Affirmed.*

Coleman, J., and Willis, J., concurred.