COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Senior Judge Baker


THURONDIE L. CHISHOLM

                                            MEMORANDUM OPINION[*]
v.    Record No. 0786-98-4                      PER CURIAM
                                             AUGUST 25, 1998
THE WASHINGTON POST AND
 GALLAGHER BASSETT SERVICES


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Robert A. Mordhorst; Mordhorst, Taweel &
                Adams, on brief), for appellant.

                (Charles F. Midkiff; Midkiff & Hiner, on
                brief), for appellees.



        Thurondie L. Chisholm ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in denying

him an award of compensation benefits on the ground that he

failed to prove that he sustained more than seven days of

disability during the two-year period immediately following his

May 8, 1993 injury by accident.  Pursuant to Rule 5A:21(b), The

Washington Post ("employer") raises the additional question of

whether the commission erred in finding that claimant proved a

causal relationship existed between his May 8, 1993 back injury

and his subsequent medical treatment and uncompensated

disability.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

5A:27.

## Disability Benefits

On May 8, 1993, while working for employer as a paper handler, claimant was removing paper rolls from a terminal and placing them in two lanes. After claimant placed a roll in a lane, he stepped backwards to back down some steps. A handrail on the steps was missing and claimant fell backwards about three to four feet, landing on his lower back. On March 7, 1996, claimant filed an application seeking wage loss benefits and medical benefits.

The commission held that because the employer did not file the Employer's First Report of Accident until January 24, 1996 and claimant proved prejudice, the statute of limitations was tolled and claimant's March 7, 1996 application was not time-barred. Employer does not challenge this finding on appeal.

The commission further held that claimant was not entitled to an award of disability benefits on the ground that he failed to prove that he missed more than seven days from work during the two years immediately following his May 8, 1993 injury by accident. Claimant contends that based upon this Court's holding in Mayberry v. Alcoa Building Products, 18 Va. App. 18, 441 S.E.2d 349 (1994), he was not required to prove compensable disability within two years after the date of his accident, but only that he sustained some disability within two years after the

accident.  We disagree.[1]

In <u>Mayberry</u>, this Court held that where an employee did not file a timely application <u>or</u> demonstrate any disability during the two-year period following the industrial accident, that employee could not be awarded compensation for total disability which occurred more than two years after the injury by accident. See <u>id.</u> at 20, 441 S.E.2d at 350.  We specifically held that "[w]e affirm because Mayberry had no awardable work incapacity within two years from the date of his accident." <u>Id.</u> at 19, 441 S.E.2d at 349.  Compensation for work incapacity is not awardable for the first seven calendar days of incapacity resulting from an injury unless certain exceptions are met.  <u>See</u> Code § 65.2-509. None of those exceptions apply in this case.

Here, it was undisputed that claimant did not prove that he sustained more than seven days of work incapacity during the two-year period immediately following his accident.  Thus, because claimant failed to prove that he incurred any awardable disability during the two-year period following his accident, the commission did not err in denying his request for compensation benefits.

---

[1]Claimant also argues that because the statute of limitations was tolled, the period in which he was required to prove compensable disability should also have been tolled until employer filed the Employer's First Report of Accident.  Claimant did not raise this argument before the commission.  Accordingly, we will not address it for the first time on appeal.  <u>See</u> <u>Green v. Warwick Plumbing & Heating Corp.</u>, 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In ruling that claimant sustained his burden of proving a causal relationship between his May 8, 1993 lower back injury and his subsequent medical treatment and uncompensated disability, the commission found as follows:

> The employer's Written Statement correctly points out that the medical records show the claimant had similar symptoms both before and after the accident, that, as also noted by the Deputy Commissioner, the claimant was less then accurate in his testimony about previous symptoms and that in the records of the nine doctors who treated the claimant, there are about five different causes stated for his injury.
> The Deputy Commissioner gave greater evidentiary weight to the fact that the claimant did not have radiating symptoms in his leg since 1987 and that three of the doctors attributed the need for surgery to the May 8, 1993, industrial accident. Against this close and inconsistent record, we AFFIRM the Deputy Commissioner's decision that the evidence preponderates in establishing the requisite causal connection.

-4-

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept the opinions of Dr. Fraser C. Henderson, Dr. William Lauerman, and Dr. Steven Taub, and to reject any contrary medical opinions. The opinions and medical records of Drs. Henderson, Lauerman, and Taub constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.