COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


YOUSEF M. ALKADI

v.   Record No. 1394-98-4

ARLINGTON (COUNTY OF) SCHOOL BOARD AND
 VIRGINIA MUNICIPAL GROUP SELF-INSURANCE
 ASSOCIATION

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 24, 1998


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Yousef M. Alkadi, pro se, on brief).

(William S. Sands, Jr.; Duncan and Hopkins,
on brief), for appellees.


On July 14, 1997, Yousef M. Alkadi filed an application with the Workers' Compensation Commission seeking temporary total disability benefits beginning June 13, 1989, related to his May 19, 1989 left knee injury.  The commission ruled that the application was barred by the applicable statute of limitations.  Alkadi contends that the commission erred.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence proved that on March 8, 1991, the

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

commission awarded Alkadi medical benefits only for his compensable May 19, 1989 left knee injury. In its opinion, the commission refused to award Alkadi compensation for work incapacity and found that the medical evidence did not prove that he sustained work-related disability in excess of seven days. Alkadi did not appeal that decision. On July 14, 1997, Alkadi filed an application seeking an award of temporary total disability benefits beginning June 13, 1989, related to his May 19, 1989 left knee injury.

"A claim for compensation must be filed with the commission within two years after the accident or the claim shall be forever barred." Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994). Because the commission never entered an award for work incapacity, Alkadi's July 14, 1997 application cannot be treated as an application for a change in condition. See id. Alkadi's application seeking an award of total disability benefits was required to be filed within two years after his May 19, 1989 accident. See id. at 20-21, 441 S.E.2d at 350. It was not. Thus, the record clearly supports the commission's finding that Alkadi's July 14, 1997 claim was time-barred.

For these reasons, we affirm the commission's decision.

Affirmed.