COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


MOHAMMED S. MUBAIDIN

                                        MEMORANDUM OPINION*
v.    Record No. 1963-99-4                  PER CURIAM
                                        DECEMBER 28, 1999
HOLIDAY INN ALEXANDRIA OLD TOWN
AND
ZURICH-AMERICAN INSURANCE GROUP


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Catherine Miraglia Lecky, on brief), for
                appellant.

                (Edward H. Grove, III; Brault, Palmer, Grove,
                Zimmerman, White & Steinhilber, on brief),
                for appellees.


        Mohammed S. Mubaidin contends that the Workers'

Compensation Commission erred in (1) finding that he failed to

prove that he sustained disability from work causally related to

his compensable September 13, 1996 injury by accident within two

years from the date of that accident; (2) refusing to reopen the

record for additional evidence; and (3) refusing to award him

interest, penalties, attorney's fees, and costs and expenses

against his employer, Holiday Inn Alexandria Old Town, for

denying his claim.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

## I.

Mubaidin bore the burden of proving that he incurred causally related disability within two years from the date of his industrial accident.  See Mayberry v. Alcoa Building Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994).  Unless we can say as a matter of law that Mubaidin's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).  On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

The medical records contain no documentation of any disability from work for problems related to Mubaidin's compensable left foot injury until Dr. Stephen J. Kominsky recommended light work for Mubaidin on September 24, 1998.  This recommendation occurred more than two years after the date of Mubaidin's compensable industrial accident.  Before that date, no physician limited Mubaidin's ability to work due to his compensable left foot injury.  In fact, Mubaidin did not seek medical treatment between March 27, 1997 and September 23, 1998.

Because the medical evidence failed to show that Mubaidin incurred any disability causally related to his compensable left

-

foot injury until September 24, 1998, more than two years after the date of his compensable industrial accident, we cannot find as a matter of law that Mubaidin's evidence sustained his burden of proof. In light of the lack of any medical evidence to support his testimony, the commission was entitled to give little probative weight to Mubaidin's testimony that he was unable to work due to his foot injury.

## II.

Mubaidin requested that the commission reopen the record to consider additional evidence, namely, a "Progress Report" generated by Vocational Assessment Services, Inc. and dated November 23, 1998. In responding to Mubaidin's request, the commission stated in its opinion that it had "reviewed the additional evidence, and conclude that [the evidence] will not affect our decision in this case. Thus, the issue of reopening the record is moot."

Because the commission considered the additional evidence and correctly found it had no bearing on its decision, the issue presented by Mubaidin on appeal is moot and we need not consider it.

## III.

Mubaidin contends that the commission erred in failing to award him attorney's fees and costs pursuant to Code § 65.2-713(A), interest pursuant to Code § 65.2-713(B), and penalties pursuant to Code § 65.2-524.

-

Because our disposition of this appeal affirms the commission's decision denying compensation benefits to Mubaidin, and it, therefore, necessarily establishes that employer had reasonable grounds for defending against Mubaidin's claim, we hold that the commission did not err.

For these reasons, we affirm the commission's decision.

Affirmed.