COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


METRO MACHINE CORPORATION AND
 LEGION INSURANCE COMPANY
                                            OPINION BY
v.   Record No. 0055-00-1      CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         AUGUST 15, 2000
ALVIN WARD SOWERS, JR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          F. Nash Bilisoly (Kelly O. Stokes;
          Vandeventer Black, LLP, on briefs),
          for appellants.

          Robert E. Walsh (Rutter, Walsh, Mills &
          Rutter, L.L.P., on brief), for appellee.


     Metro Machine Corporation ("employer") contends the

Workers' Compensation Commission ("commission") erred in

awarding medical and temporary total disability benefits to

Alvin Ward Sowers, Jr. ("claimant").  On appeal, we hold that

credible evidence supports the commission's findings that (1)

claimant properly filed a claim and established his disability

prior to the expiration of the statute of limitations; (2)

claimant had not returned to his pre-injury employment; (3)

claimant sufficiently marketed his residual work capacity; and

(4) claimant was entitled to benefits even if economic factors

caused his work layoff.  Accordingly, we affirm.

## I.  FACTS

"On appeal, we view the evidence in the light most favorable to the claimant, who prevailed before the commission." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted).  "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'"  WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).

Claimant has been employed as a maintenance mechanic with employer since 1988.  On March 24, 1993, claimant suffered a compensable left knee injury.  The injury was accepted, and claimant received benefits under the Longshoremen & Harbor Workers' Compensation Act (Longshore Act).

Claimant returned to work with employer on January 24, 1994 in a permanent, light duty capacity.  Dr. Robert Neff, claimant's treating physician, assigned a 15% permanent partial disability rating and gave the following restrictions:

> [Claimant] will need to be on permanent light duty, as of January 24, 1994, and will not be able to return to his full active duty, which he was on prior to the injury. The light duty should involve no more than four hours total of standing or walking per day.  He should perform minimal squatting and crawling.

-

Claimant filed a claim for benefits with the commission on March 6, 1995, but did not request a hearing at that time. He continued to work with employer until March 28, 1997, when the majority of the company's work force was laid off solely for economic reasons. Claimant sought and received unemployment benefits. Claimant refused to work with the employer's vocational rehabilitation provider because he was already working with an employment counselor through the Virginia Employment Commission. On July 12, 1997, claimant started his own handyman business and maintained ledger records for his income and expenses. In November 1997, employer recalled all employees who had been laid off, including claimant.

Claimant's attorney filed a request for hearing with the commission and a claim for temporary total disability benefits from March 28, 1997 through July 11, 1997 and temporary partial disability benefits from July 12, 1997 through November 20, 1997. At the hearing, the deputy commissioner found: (1) that the initial claim was timely filed and, therefore, the statute of limitations did not apply; (2) that claimant had permanent restrictions at the time of the layoff and adequately marketed his remaining skills until his return to employment as a handyman in July 1997; and (3) that claimant was entitled to temporary partial and temporary total disability compensation and an award of medical benefits.

-

Employer sought review by the full commission, which remanded the case for a further determination on the statute of limitations issue. The full commission affirmed the deputy commissioner's findings of a return to selective employment, adequate marketing and cooperation with vocational rehabilitation.

On remand, the deputy commissioner found that claimant's claim was not barred by the statute of limitations because "the claim was filed within two years of the date of the accident." Additionally, the deputy commissioner found:

> [t]he claimant has further established a basis upon which compensation may be awarded within two years of the date of the accident. He sustained a period of temporary total disability in January 1994 immediately following surgery and was further found to have permanent partial disability as of June 1994.

Employer appealed to the full commission the deputy commissioner's finding on the statute of limitations. In its December 16, 1999 opinion, the full commission found: (1) that claimant suffered a compensable industrial accident on May 24, 1993, in which he injured his left knee; (2) that the claim for benefits was not barred by the statute of limitations because it was filed within two years of the date of accident; (3) that claimant was on light duty status when he was laid off by employer for economic reasons; and (4) that during the layoff, claimant adequately marketed his remaining capacity.

-

## I.  STATUTE OF LIMITATIONS

First, employer argues that claimant is barred from coverage because he failed to request a hearing before the commission to establish disability within two years from the date of injury.  We agree with the commission's finding that the disability "both occurred and was documented . . . within two years from the date of the accident."  Pursuant to Code § 65.2-601, "[t]he right to compensation . . . shall be forever barred unless a claim be filed with the Commission within two years after the accident."  Thus, we have consistently held that any disability related to the workers' compensation injury must have occurred and been documented during that two-year period.  See WLR Foods, 26 Va. App. at 229, 494 S.E.2d at 151; Lynchburg Foundry Co. v. McDaniel, 22 Va. App. 307, 310, 469 S.E.2d 85, 87 (1996); Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994).

In the present case, the parties stipulated that claimant sustained an injury to his left knee on March 24, 1993, arising out of and in the course of his employment, and on March 6, 1995 filed a claim with the commission as required by Code § 65.2-601.  The medical evidence established total disability as of January 1994, when claimant had surgery.  Claimant's treating physician, Dr. Neff, released claimant to permanent, light duty employment on January 24, 1994.  Dr. Neff's February 15, 1995 report stated that claimant had reached maximum medical

-

improvement and in June 1994, Dr. Neff gave claimant a 15%
permanent partial disability rating.  Employer did not object to
these medical reports and failed to provide any additional
medical evidence to rebut the reports of Dr. Neff.  Indeed, at
the hearing before the deputy commissioner, employer stated, "we
do not disagree that he [the claimant] was disabled . . . ."

The intent and purpose of Code § 65.2-601 is to require
notice to the employer of its potential liability for an injury
sustained by an employee.  See Hungerford Mechanical Corp v.
Hobson, 11 Va. App. 675, 678, 401 S.E.2d 213, 215 (1991).
Formal pleadings are not required.  See Reese v. Wampler Foods,
Inc., 222 Va. 249, 255, 278 S.E.2d 870, 873 (1981).  So long as
the claimant's notice advises the commission of necessary
elements of this claim, "'it activates the right of the employee
to compensation and . . . invokes the jurisdiction of the
Industrial Commission.'"  Trammel Crow Co. v. Redmond, 12 Va.
App. 610, 614, 405 S.E.2d 632, 634 (1991) (attorney's letter to
commission, which contains required information, satisfied
filing requirement) (quoting Shawley v. Shea-Ball Constr. Co.,
216 Va. 442, 446 219 S.E.2d 849, 852 (1975)).  Applying these
principles to the instant case, we conclude that a claim for
benefits, standing alone, fulfills the purpose of Code
§ 65.2-601.  The supporting medical documentation and the
request for a hearing may be filed at a later date.

-

Although disability must have occurred prior to the expiration of the statute of limitations, it need not be established until the request for hearing is filed and the matter is brought before the commission. Here, the unrebutted medical evidence and employer's statement conceding disability before the deputy commissioner established that claimant's disability occurred prior to the expiration of the statute of limitations. Because credible evidence supports this finding, we affirm.

Employer also contends that claimant was not entitled to benefits because his request for a hearing before the deputy commissioner was not filed within two years from the date of his accident. Relying on Mayberry, 18 Va. App. 18, 441 S.E.2d 349, employer argues that, in addition to the disability occurring within two years of the accident, the actual proof before the commission must be presented within two years. Because claimant did not file a request for hearing within two years and the matter was not raised before the deputy commissioner until approximately four years after the accident, employer argues the claim is time barred. We disagree.

Employer's reliance on Mayberry is misplaced. The issue in that case was whether the claimant had an "awardable work incapacity within two years from the date of his accident." Id. at 19, 441 S.E.2d at 349. Mayberry did not miss any time from work until two years and two months after the date of his

-

accident, and his initial disability occurred a full two months after the statute of limitations had expired.

We concluded in Mayberry that the claim was barred by the statute of limitations "[b]ecause Mayberry did not file a timely application or demonstrate any disability during the two year period . . . ." Id. at 20, 441 S.E.2d at 350. Contrary to employer's contention, Mayberry does not require that the request for hearing or the actual proof of disability occur within two years of the accident. See also Metro Machine Corp. v. Lamb, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (2000) ("The fact that the employee did not seek a hearing within . . . two years of the accident does not bar his claim."); cf. Southwest Virginia Tire, Inc. v. Bryant, 31 Va. App. 655, 661, 525 S.E.2d 563, 566 (2000) (noting that in a change in condition application, the employee is not required to produce evidence prior to the expiration of two years).

In the instant case, claimant was disabled from employment shortly after his accident and was paid benefits under the Longshoremen Act for temporary total disability during that time. Well within the two-year period, claimant was disabled from work due to surgery and he received a permanent partial disability rating. As we recognized in Hobson,

> a medical rating of the employee's
> disability is evidence which an employee
> offers in order to meet the burden of proof.
> The Code does not require that this evidence
> be established before the statute of

-

> limitations expires. The timely filing of
> evidence in accordance with the commission's
> rules and the facts established by that
> evidence are the operative considerations in
> determining whether a claimant is entitled
> to compensation benefits.

Hobson, 11 Va. App. at 677-78, 401 S.E.2d at 215. There is a clear difference between the filing of a claim for benefits and the request for a hearing.[1] They are not the same issue and do not always occur simultaneously. A claimant may, at any time, withdraw his request for hearing and not affect his or her claim for benefits, so long as they were filed separately. See Keenan v. Westinghouse Elevator Co., 10 Va. App. 232, 391 S.E.2d 342 (1990).

Accordingly, the claim filed by the claimant is not barred by the statute of limitations and the failure to request a hearing within two years from the date of accident does not bar his claim for benefits.

### III. RETURN TO PRE-INJURY EMPLOYMENT

Next, employer contends that claimant is not entitled to temporary partial or temporary total benefits during the layoff because he was performing his regular duty job. We disagree. The medical documentation provided by claimant and unrebutted by

---

[1] If the claim for benefits and request for hearing are filed in one document and the request for hearing is dismissed or withdrawn, so is the claim for benefits. If the two are filed separately, dismissing or withdrawing the request for hearing has no effect on the claim for benefits and it remains filed with the commission. See Keenan v. Westinghouse Elevator Co., 10 Va. App. 232, 235, 391 S.E.2d 342, 344 (1990).

-

employer shows that claimant had permanent restrictions on his physical abilities. Claimant returned to work with employer on January 24, 1994 in a permanent, light duty capacity. He received a 15% permanent partial disability rating, and in his report of January 19, 1994, Dr. Neff, claimant's treating physician, stated:

> He will need to be on permanent light duty, as of January 24, 1994, and will not be able to return to his full active duty, which he was on prior to the injury. The light duty should involve no more than four hours total of standing or walking per day. He should perform minimal squatting and crawling.

Claimant testified that he had limitations and that employer accommodated those limitations. Employer also presented testimony that they were aware of the restrictions placed upon claimant by his treating physician, including the following

> Q. But it was made clear essentially that he [claimant] was to stay within these restrictions, that he had these permanent restrictions, he didn't have these before and he was to work within them?
>
> A. That's correct.
>
> Q. And he was to be accommodated in staying within these restrictions?
>
> A. Correct.

Based on the medical evidence in the record, the claimant's testimony, and the employer's admissions, credible evidence

supports the commission's finding that claimant was not working his regular duty job at the time of the economic layoff.

## IV.  MARKETING

Employer also argues that claimant failed to adequately market his residual capacity because he did not cooperate with employer's vocational rehabilitation.  Claimant's testimony and the forms and records showing his attempts to find work during the economic layoff belie this contention.  Code § 65.2-603(A)(3) provides that "employer shall furnish or cause to be furnished . . . reasonable and necessary vocational rehabilitation."  Code § 65.2-603(B) further provides that "the unjustified refusal of the employee to accept such . . . vocational rehabilitation services . . . shall bar the employee from further compensation . . . ."  Thus, a claimant is not required to cooperate with the employer's vocational rehabilitation provider if said claimant's refusal to cooperate is justified.  Claimant provided sufficient records, logs and testimony to support his refusal of employer's vocational rehabilitation because he was actively participating with the Virginia Employment Commission's vocational rehabilitation and seeking appropriate employment.

## V.  ECOMONIC LAYOFF

Lastly, employer argues that because the layoff was plant wide and economic in nature, claimant was not entitled to disability benefits because his lack of work was unrelated to

-

his injury.  We disagree.  Code § 65.2-500[2] states that benefits are payable "as long as the incapacity for work is a result of the injury."  The medical evidence and claimant's testimony, both uncontested, support the finding that claimant's disability resulted from his knee injury.  He lost time from work initially for his surgery and recovery.  When he returned to work, his physician issued permanent restrictions on his physical activities.  During the economic layoff from employer, claimant was unable to market himself as he would have been in the absence of permanent physical restrictions.  It is contrary to the purpose of the Workers' Compensation Act to refuse benefits to a permanently injured worker during an economic layoff.  We have addressed the purpose of the Workers' Compensation Act most recently in 1998, noting that

> the purpose of the Workers' Compensation Act is to provide compensation to an employee for the loss of his opportunity to engage in work, when his disability is occasioned by an injury suffered from an accident arising out of and in the course of his employment. The Act should be liberally construed in harmony with its humane purpose.

U.S. Air, Inc. v. Joyce, 27 Va. App. 184, 189, 497 S.E.2d 904, 906 (1998) (citing Barnett v. Bromwell, 6 Va. App. 30, 33-34, 366 S.E.2d 271, 272 (1941)).  Here, the economic layoff placed

---

[2] Code § 65.2-500(A) states, "[w]hen the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total incapacity, a weekly compensation equal to 66 2/3 percent of his average weekly wages . . . ."

–

claimant in a different position from the other, uninjured, employees.  Claimant's "opportunity to engage in work" was limited by his permanent physical restrictions due to his compensable injury.  Thus, he did not have the same opportunity or ability as other employees to find other employment.  Additionally, "the employer's financial condition and the availability of alternative work do not affect the claimant's right to compensation due to an impaired capacity to perform his pre-injury duties."  Consolidated Stores Corp. v. Graham, 25 Va. App. 133, 137, 486 S.E.2d 576, 578 (1997).[3]

The decision in Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 324 S.E.2d 654 (1985), is instructive. In Harrison, claimant had accepted employer's offer of selective employment upon his release to light duty and remained partially disabled at the time of the layoff.  He offered no evidence he

---

[3] The commission has also addressed the issue of a partially disabled worker laid off for economic reasons in Pleasants v. AT&T Microelectronics, 68 VWC 169 (1989).  The commission held that

> had claimant recovered to the point that she
> could return to her regular work prior to
> the economic lay-off on April 15, 1988,
> there would be no basis for the resumption
> of compensation.  However, the employer had
> a continuing obligation to provide light
> work to the claimant as long as her
> restrictions continued or, in the
> alternative, to resume payment of
> compensation for wage loss.

Id. at 171; see also Nixon v. Stafford Elect. & Refrigeration Serv., Inc., 71 VWC 87 (1992).

-

marketed his remaining capacity.  The Supreme Court reversed and remanded for the parties to present additional evidence of marketing.  In so doing, the Supreme Court held that to establish entitlement to temporary total disability benefits following an economic layoff the claimant has the burden to prove that he made a reasonable effort to procure suitable work but was unable to market his remaining work capacity.  See id. at 600-02, 324 S.E.2d at 655-56.  Credible evidence supports the commission's finding that claimant adequately marketed his residual capacity.

For the foregoing reasons, we affirm.

Affirmed.