COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


VIRGINIA DEPARTMENT OF HEALTH/
 COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION*
v.    Record No. 2096-02-2              PER CURIAM
                                     DECEMBER 31, 2002
SUSAN ANN ELMORE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jerry W. Kilgore, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Edward M. Macon, Senior Assistant Attorney
            General; Scott John Fitzgerald, Assistant
            Attorney General, on brief), for appellant.

            (B. Mayes Marks, Jr.; Marks and Williams,
            P.C., on brief), for appellee.


     Virginia Department of Health/Commonwealth of Virginia

(employer) contends the Workers' Compensation Commission erred

in finding that Susan Ann Elmore proved that (1) her hyperacusis

and tinnitus were causally related to her compensable April 13,

1999 injury by accident; and (2) the two-year statute of

limitations contained in Code § 65.2-601 did not bar her claim.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that claimant proved that her hyperacusis and tinnitus were causally related to her compensable April 13, 1999 injury by accident, the commission found as follows:

> [W]e find nothing in the previous medical reports to substantiate that the claimant suffered from this condition prior to that date.  While [Lorraine Klein] Gardner's audiology report indicated that the claimant had a several year history of increase in problems, this is not determinative in the absence of other medical documentation.  In addition, we note that this evaluation took place in May and June of 2000, more than a year after the accident.  Therefore, such a history does not negate the claimant's contention that the condition began with, or certainly worsened after, the April 13, 1999, accident.  Drs. [Nathan] Zasler, [Richard L.] Prass, and [Howard N.] Gutnick have made a causal connection between the claimant's tinnitus, hyperacusis problems, and the original accident.  The record offers no evidence from any healthcare provider who has examined the claimant to indicate otherwise.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."

Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401

S.E.2d 213, 215 (1991).  In its role as fact finder, the

commission was entitled to weigh the medical evidence.  The

commission did so and discounted Gardner's notation that

claimant had a several year history of increasing problems, and

accepted the uncontradicted opinions of Drs. Zasler, Prass, and

Gutnick.  Their opinions constitute credible evidence to support

the commission's decision.  Accordingly, we will not disturb

that decision on appeal.

## II.  Statute of Limitations

> To perfect a claim for benefits under
> the [Virginia Workers' Compensation Act], an
> employee must file notice of the claim with
> the commission within two years of the
> accident.  This notice must include all
> specific injuries an employee contends are
> compensable.  "Timely filing of an original
> claim is jurisdictional, and a claimant
> bears the burden of proving his claim is
> timely filed."

Johnson v. Paul Johnson Plastering and Nat'l Sur. Corp., 37

Va. App. 716, 723, 561 S.E.2d 40, 43 (2002) (citations omitted).

"The purpose of filing with the commission is to provide all

parties with notice of the potential issues in a case."  Id. at

723, 561 S.E.2d at 44.

> The intent and purpose of Code
> § 65.2-601 is to require notice to the
> employer of its potential liability for an
> injury sustained by an employee.  Formal
> pleadings are not required.  So long as the
> claimant's notice advises the commission of
> necessary elements of this claim, "'it
> activates the right of the employee to

- 3 -

compensation and . . . invokes the
jurisdiction of the Industrial Commission.'"

*Metro Machine Corp. v. Sowers*, 33 Va. App. 197, 204, 532 S.E.2d
341, 345 (2000) (citations omitted).

Claimant's initial Claim for Benefits filed with the
commission on July 9, 1999 listed the following injuries:
"twitches (muscle); muscle spasms; head & neck pain; hip pain;
speech difficulties." That claim also listed "speech apraxia;
occipital neuritis ongoing; fibromyalgia" as the "nature or name
of disease."

On March 9, 2001, claimant and employer executed an order
setting forth their agreements. That order indicated that the
parties agreed that "claimant suffered multiple injuries" in the
April 13, 1999 accident. Deputy Commissioner Mercer entered the
order on March 9, 2001.

The medical records established that as early as May 2000,
Gardner, an audiologist, to whom claimant had been referred by
Dr. Zasler, claimant's treating physician, indicated that she
was seeing claimant for an evaluation "to investigate a
diagnosis of hyperacusis." A copy of that report was sent to
Managed Care Innovations, who was working with claimant on
behalf of employer.

In a June 29, 2000 medical report from Dr. Zasler to Paula
Day, the case manager assigned to claimant's claim by Managed
Care Innovations, Dr. Zasler indicated that "it is my

- 4 -

opinion . . . that Ms. Elmore's audiologic complaints are, indeed, accident-related and therefore, any care germane to this complaint should be covered by worker's compensation."

Upon Gardner's suggestion, claimant was referred to Drs. Prass and Gutnick of Atlantic Coast Ear Specialists for a full evaluation for hyperacusis. Drs. Zasler, Prass, and Gutnick continued to communicate with Day and/or other representatives of Managed Care Innovations. In a September 22, 2000 medical report, Dr. Prass indicated that the claimant was suffering from "bilateral hyperacusis and tinnitus, the onset which is temporally related to trauma of April 13, 1999." That report was sent to Day at Managed Care Innovations.

In a November 9, 2000 letter from Dr. Gutnick to Kristie McClaren of Managed Care Innovations, Dr. Gutnick enclosed reports regarding claimant's evaluation for hyperacusis and tinnitus. Dr. Gutnick recommended that claimant be fitted with ear devices to treat her hyperacusis and tinnitus, and he sought authorization from Managed Care Innovations to obtain these specialized devices.

Credible evidence in this record demonstrates that employer, through its representatives, had notice and actual knowledge of claimant's potential claim for hyperacusis and tinnitus and their causal relationship to her compensable work injury, well within the two-year period following her April 13, 1999 injury by accident. Employer agreed within that two-year

period that claimant sustained "multiple injuries" as a result of the compensable April 13, 1999 work-related accident. Employer chose not to specify each and every injury in the March 9, 2001 agreed order. Thus, because employer agreed that claimant sustained multiple injuries within the two-year period following her compensable injury by accident and employer had knowledge and notice of claimant's potential claim for work-related hyperacusis and tinnitus within that period, the commission did not err in invoking its jurisdiction and in considering claimant's claim for those conditions.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>