COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia


HOSPICE CHOICE, INC. AND
 LEGION INSURANCE COMPANY

v.     Record No. 0023-03-3

HAYES O'QUIN

OPINION BY
JUDGE ROSEMARIE ANNUNZIATA
MARCH 9, 2004

FROM THE VIRGINIA'S WORKERS' COMPENSATION COMMISSION

Dawn E. Boyce (Trichilo, Bancroft, McGavin, Horvath & Judkins,
on brief), for appellants.

Paul L. Phipps (Lee & Phipps, on brief), for appellee.


Hospice Choice, Inc. (employer) appeals the Virginia Workers' Compensation

Commission's award of temporary total disability benefits to Hayes O'Quin.  Employer argues

that O'Quin's claim for benefits was barred by the statute of limitations.  We find no error and

affirm.

I.  Background

O'Quin, a registered nurse employed by Hospice Choice, suffered an injury to his back

while lifting a deceased patient on May 7, 1999.  On September 18, 2000, he filed a timely claim

with the Virginia Workers' Compensation Commission seeking compensation for medical

expenses, which were awarded on March 6, 2001.  O'Quin filed another claim, on May 4, 2001,

seeking compensation for wage losses (total temporary disability) incurred on April 30, 2001.

On May 17, 2001, the commission's claims examiner sent a letter to O'Quin's attorney advising

him that O'Quin's claim was being placed on hold, because "the claimed disability [was] not

within the statutory waiting period pursuant to Section 65.2-509, Code of Virginia."  The claims

examiner also stated that O'Quin's claim would be "reactivated and processed" should his disability "extend beyond the seven day waiting period." Through a series of claim amendments filed after June 21, 2001, O'Quin asserted additional periods of disability exceeding seven days. In sum, O'Quin sought wage loss benefits for the following periods: May 10, 1999 through May 18, 1999; August 8, 2000 through August 13, 2000; April 30, 2001; July 2, 2001; and July 11, 2001 through July 16, 2001.

In a hearing held before the deputy commissioner on November 13, 2001, employer argued that O'Quin's claims were barred by the statute of limitations and Rule 1.2 of the Rules of the Virginia Workers' Compensation Commission. By opinion dated January 3, 2002, the deputy commissioner implicitly rejected the statute of limitations argument and awarded O'Quin wage-loss benefits for all periods set forth in his claim except those occurring in 1999 and 2000. The deputy commissioner reasoned that the 1999 and 2000 claims should have been litigated at the prior hearing on O'Quin's claim for medical benefits. O'Quin appealed the deputy commissioner's decision, and the full commission awarded benefits for all the periods O'Quin claimed. It rejected the employer's statute of limitations defense and found that the claims he filed after June 21, 2001 related back to the initial filing date of May 4, 2001. It further rejected the employer's contention that Rule 1.2 precluded the entry of an award, holding that O'Quin's application was an amendment of an original claim.[1] This appeal followed.

On appeal, employer argues that the amendments filed by O'Quin subsequent to May 7, 2001, which alleged more than seven days of disability as required by Code § 65.2-509, were barred by the statute of limitations because more than two years had passed since O'Quin's injury. Employer contends that the commission erred in determining that O'Quin's amendments

---

[1] Employer does not contest the commission's determination that Rule 1.2 does not bar O'Quin's claim for wage-loss benefits.

related back to his May 4, 2001 claim, and were therefore not barred by the statute of limitations, because the amendments constituted a new cause of action. For the following reasons, we disagree and affirm the decision of the commission.

## II. Analysis

Code § 65.2-601 states that "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." We have held that "[t]his provision is jurisdictional, and failure to file within the prescribed time will bar a claim." Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994). A timely claim for disability benefits must allege at least eight days of disability because the commission cannot award compensation for the first seven days of disability. "No compensation shall be allowed for the first seven calendar days of incapacity resulting from the injury." Code § 65.2-509.

Here, O'Quin filed his claim for disability benefits on May 4, 2001, three days before the two-year statute of limitations expired. However, he failed to state a claim for disability benefits exceeding seven days in duration as required by Code § 65.2-509. The May 4, 2001 application claimed disability only for April 30, 2001.

Employer reasons that, because O'Quin's May 4, 2001 claim sought benefits solely for a period of one day, no award was allowable pursuant to Code § 65.2-509. Since the statute of limitations ran on May 7, 2002, employer argues that O'Quin's subsequent amendments could not cure the initial, defective pleading because they were time-barred. The commission disagreed and concluded that O'Quin's subsequent amendments were proper and that they related back to the timely claim he initially filed. We agree with the commission and find that employer's contentions are without merit.

Employer first contends that the amendments should not have been allowed because the commission lacked jurisdiction over O'Quin's claim due to his failure to allege more than seven days of disability as required by Code § 65.2-509. We disagree.

We have held that

> [t]he intent and purpose of [the statute of limitations provision of] Code § 65.2-601 is to require notice to the employer of its potential liability for an injury sustained by an employee. . . . So long as the claimant's notice advises the commission of necessary elements of this claim, "it activates the right of the employee to compensation and . . . invokes the jurisdiction of the Industrial Commission."

Metro Mach. Corp. v. Sowers, 33 Va. App. 197, 204, 532 S.E.2d 341, 345 (2000) (quoting Trammel Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 634 (1991)).

Here, we find that O'Quin's claim filed on May 4, 2001 invoked the jurisdiction of the commission because it alleged all essential elements of a workers' compensation claim, namely, a disability arising out of and in the course of employment. In reaching this conclusion, we are guided by the general principle that the Workers' Compensation Act is to be construed liberally in favor of the employee. Creative Dimensions Group v. Hill, 16 Va. App. 439, 442, 430 S.E.2d 718, 720 (1993). We are also persuaded by the logic of the Supreme Court's reasoning in Binswanger Glass Co. v. Wallace, 214 Va. 70, 73-74, 197 S.E.2d 191, 193-94 (1973), where it held that the time limitation found in Code § 65.1-87 (now Code § 65.2-601) was jurisdictional but that the limitations found in Code § 65.1-99 (now Code § 65.2-708), governing an application based on a change in condition, were not. The code section governing a change-in-condition application was not jurisdictional, the Supreme Court reasoned, because "'[i]ts object is purely remedial.'" Id. at 73, 197 S.E.2d at 194 (quoting Allen v. Mottley Constr. Co., 160 Va. 875, 886, 170 S.E. 412, 416 (1933)). Likewise, we find that the object of Code § 65.2-509 is remedial, rather than jurisdictional, because it deals with the amount of

- 4 -

compensation payable to the claimant. We also note that nothing in the statute indicates that the failure to allege more than seven days of disability constitutes a jurisdictional defect. Accordingly, construing Code § 65.2-509 liberally in favor of O'Quin, we find that the commission obtained jurisdiction over the case by virtue of the claim filed by O'Quin on May 4, 2001.

The employer alternatively relies on the rule that "[a]mendments will not be allowed . . . when they raise a new substantive cause of action which is different from that which the plaintiff asserted when he or she first filed the action." Vines v. Branch, 244 Va. 185, 188, 418 S.E.2d 890, 892 (1992). Employer submits that O'Quin's amendments to his May 4, 2001 claim constitute new causes of action that are barred by the statute of limitations. We disagree with employer's conclusion.

The Virginia Supreme Court addressed an analogous issue in Jackson v. City of Richmond, 152 Va. 74, 146 S.E. 303 (1929). In that case, an action was filed against the City of Richmond alleging injuries to a pedestrian from a defective sidewalk. Id. at 78, 146 S.E. at 304. The original pleading neglected to allege, however, that a notice of injury had been filed with the City, as required by law. Id. The plaintiff filed an amendment to allege the required fact. Id. The trial court sustained the City's demurrer on the ground that the amendment constituted a new cause of action filed after the expiration of the statute of limitations. Id. at 86-87, 146 S.E. at 307. The Supreme Court held that an amendment to correct an "imperfect statement of the primary cause of action" from which an essential element had been omitted, filed after the statute of limitations had expired, does not make out a new cause of action. Id. at 96, 146 S.E. at 309. It, therefore, held that the trial court erred in not allowing the suit to proceed. Id. at 99, 146 S.E. at 311; see also Carter v. Williams, 246 Va. 53, 57, 431 S.E.2d 297, 299 (1993) (noting that "[w]hen the plaintiff in the amended bill attempts to assert rights and to enforce claims 'arising

out of the same transaction [or] act,' however great the difference in the form of liability as contained in the amended bill from that as stated in the original bill, the amendment will not be viewed as stating a new cause of action" (quoting New River Min. Co. v. Painter, 100 Va. 507, 510, 42 S.E. 300, 301 (1902))).

Although the holding in Jackson was determined in the context of a civil law case involving a suit against a municipality, we see no reason to preclude its application here. O'Quin's amendments did not materially change the substance of his claim; no new cause of action was alleged. The amendments filed after June 21, 2001 claimed that he was entitled to wage-loss benefits, just as the May 4, 2001 claim alleged. He simply used the amendments to correct his "imperfect statement of the primary cause of action" by adding additional days of disability as required by Code § 65.2-509. See Jackson, 152 Va. at 97, 146 S.E. at 310; see also Martin P. Burks, et al., Common Law and Statutory Pleading and Practice § 235, at 412-13 (4th ed. 1952) ("If the amendment sets up no new cause of action or claim, and makes no new demands, but simply varies and expands the original cause of action, the amendment relates back to the commencement of the action and stops the running of the statute as of that date.") Moreover, we note that O'Quin's amended filings were based on the same transaction or occurrence as the May 4, 2001 filing, namely O'Quin's workplace injury on May 7, 1999. See Carter, 246 Va. at 57, 431 S.E.2d at 299. Accordingly, we find that, although they affected the employer's liability, the amendments O'Quin filed did not create a new cause of action and the commission did not err in finding that they "related back" to the timely May 4, 2001 claim.

In affirming the commission's decision, we note that our holding is consistent with principles relevant to pleading requirements in administrative proceedings. As this Court stated in Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986), "[p]leading requirements in administrative proceedings before the [workers' compensation] commission are

traditionally more informal than judicial proceedings." Provided the substantial rights of the parties are protected, "rigid or technical rules of pleading. . . shall not apply." Id.; see also DuPont v. Snead, 128 Va. 177, 187, 97 S.E. 812, 814 (1919) (stating that "[a]mendments are [to be] freely allowed and are to be favored when they promote the ends of justice").

Here, the commission determined that the employer's rights were substantially protected. The commission found that O'Quin's amended filings "sought wage-loss benefits already accrued" and were "not anticipatory." It stated that "the employer did not allege surprise or lack of notice to the additional periods being considered." See DuPont, 128 Va. at 186, 97 S.E. at 814 (noting that "defendant does not claim that it was taken by surprise by the amendment" and finding no harm in allowing an amendment). "To the contrary," the commission explained, "the evidence showed that for the period in May 1999 the employer voluntarily paid compensation to the claimant." Support for the commission's determination can be found in unchallenged testimony from O'Quin at the November 13, 2001 hearing, in which he stated that the employer paid him for the periods claimed in 1999. The record also reveals that, at the same hearing, employer conceded the compensability of *all* the periods of disability claimed if the commission found that the periods were "causally related" to the accident and were not barred by the statute of limitations. Employer does not contest these facts on appeal, nor does it contest the commission's findings noted above. We therefore find that credible evidence supports the commission's finding that employer's rights were substantially protected, and we will not disturb that finding on appeal. See Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167-68, 543 S.E.2d 619, 621 (2001).

III.  Conclusion

We therefore hold that O'Quin's May 4, 2001 claim invoked the jurisdiction of the commission and that the subsequent amendments to his claim were properly allowed.  For those reasons, we affirm the decision of the commission.

<u>Affirmed.</u>