COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


ROBERT D. KEITH

                                                    OPINION BY
v.        Record No. 1225-04-3          JUDGE RUDOLPH BUMGARDNER, III
                                                FEBRUARY 1, 2005
BALL METAL BEVERAGE
 CONTAINER CORPORATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Daniel R. Bieger (Copeland & Bieger, P.C., on brief), for appellant.

          Ramesh Murthy (Lisa Frisina Clement; Penn, Stuart & Eskridge, on
          brief), for appellee.


        Robert D. Keith appeals the Workers' Compensation Commission's denial of his claim

for benefits arising from an accidental injury.  The commission held the claim for benefits was

barred by the statute of limitations, Code § 65.2-601, and not preserved by the tolling provision

of Code § 65.2-708(C).  The worker established a disability within two years of the accident but

concedes he did not suffer lost wages until after that period expired.  The issue is whether a

worker must not only suffer a disability but also incur lost wages within the period of the statute

of limitations.  We conclude Keith satisfied the requirements of the statute of limitations.

        On August 23, 2000, the worker sustained an injury when a 200-pound I-beam fell and

struck him.  The worker missed a few days of work, then returned to light duty work, but within

a few weeks resumed his normal duties.  However shoulder pain and spasms continued, and he

began treatments by Dr. Wallace Huff, an orthopedic surgeon, on October 27, 2000.  The worker

filed a claim for benefits March 25, 2002, and the commission entered an award for medical

benefits April 11, 2002.

On July 17, 2002, Dr. Huff put the worker on restricted duty with permanent restrictions and noted that his evaluation of maximum medical improvement was forthcoming.[1] The employer reassigned the worker to a quality control position and paid him more than he earned at his pre-injury job. The worker suffered no loss of wages until Dr. Huff removed him from all work October 21, 2002. The employer voluntarily paid compensation benefits from October through December 31, 2002.

On August 22, 2002, within two years of the injury, the worker filed a claim seeking temporary and permanent disability benefits from August 23, 2002 and continuing. The deputy commissioner concluded that the worker's claim for disability benefits was barred by Code § 65.2-601. Though the claim was timely filed, the worker suffered no wage loss within two years. Alternatively, the deputy commissioner found the worker failed to market his residual work capacity.

The commission affirmed the denial of benefits holding that Code § 65.2-601 barred the claim. "[I]t is undisputed that he did not suffer any wage loss as a result of his injury until after the statute of limitations had expired." It also concluded that the tolling provision of Code § 65.2-708(C) did not apply because the worker's claim was not a change-in-condition application since no previous award of compensation had been issued. The commission did not address the issue of failure to market residual capacity. The dissent contended the claim was

---

[1] On July 17, 2002, Dr. Huff reviewed the worker's functional capacity evaluation with him. His note indicates, "[I] will make a statement of maximum medical improvement based on this with some permanent restrictions."
On August 9, 2002, Dr. Huff wrote that the worker:

> May return to work/school 7/17/02
> Light duty only
> With restrictions. No repetitive use of [left upper extremity], no
> overhead reaching, no pulling or pushing over 40 lbs., no crawling
> thru return apt on 9/19/02.

timely because the worker filed the claim and established that he had a disability within two years of the accident.

Code § 65.2-601 states, "The right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." The statute is jurisdictional. Barksdale v. H.O. Engen, Inc., 218 Va. 496, 497, 237 S.E.2d 794, 795 (1977). The purpose of the claim is to put the employer on notice of the injury sustained and its potential liability. See Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975); Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191, 194 (1973).

In Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 401 S.E.2d 213 (1991), the application was filed within the statutory period, but the worker's doctor did not rate the disability until the period had run. The employer maintained the claim for permanent partial loss of a body member was barred because the rating occurred after two years. This Court affirmed the award of benefits because "[a]t the time Hobson filed his application for benefits, he had suffered a compensable injury by accident." Id. at 678, 401 S.E.2d at 215. The application did not anticipate a future disability because the disability was present and existed at the time the worker filed the application. The filing gave the employer sufficient notice and satisfied the intent of the Act so long as the worker asserted "the existence of a claim growing out of a compensable injury by accident." Id.

In Metro Machine Corp. v. Sowers, 33 Va. App. 197, 532 S.E.2d 341 (2000), the worker claimed a disability from the date of the accident and continuing. The injury occurred March 24, 1993, and the worker filed his claim within two years. The medical evidence established total disability as of January 1994 when the doctor released him to permanent, light duty employment. The employer maintained Sowers' claim was barred because he failed to request a hearing within two years of his injury. This Court affirmed the award because the disability "both occurred and

- 3 -

was documented . . . within two years from the date of the accident." Id. at 203, 532 S.E.2d at 344.

"The intent and purpose of Code § 65.2-601 is to require notice to the employer of its potential liability for an injury sustained by an employee." Id. at 204, 532 S.E.2d at 345. Formal pleadings are not required, and so long as the notice advises the commission of necessary elements of the claim, it activates the right of the employee to compensation and invokes the jurisdiction of the commission. Id.

Mayberry v. Alcoa Bldg. Prod., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994), does not hold that the worker must suffer lost wages within the two-year limitation period as the employer maintains. Mayberry filed his claim after the two-year period expired. He did not miss work or suffer any wage loss until surgery disabled him more than two years after the accident. As explained in Sowers, Mayberry's initial disability occurred two months after the statute of limitations had run. The statute of limitations barred Mayberry's claim because he neither filed a claim nor missed work within the two-year period.

"[T]he employee's claim must allege a present and existing disability within two years of the accident and he must prove that disability to receive benefits." Metro Mach. Corp. v. Lamb, 33 Va. App. 187, 193, 532 S.E.2d 337, 339 (2000). Requiring only that the disability occur within the statutory period satisfies the purpose of the statute of limitations as explained in Shawley:

> "The basic nature of the notice required by Code § 65.1-87 [(now § 65.2-601)] and the necessity for an applicable jurisdictional limitation are apparent. Such notice is often the first knowledge that an employer and his insurance carrier have of an accident and of their potential liability. It is this notice that sets in motion the machinery to determine whether or not an employee has in fact been injured, the nature of the injury, whether it arose out of and in the course of his employment, whether permanent or temporary, and whether compensable or not. This is the notice

- 4 -

> which activates the right of the employee to compensation and
> which invokes the jurisdiction of the Industrial Commission."

216 Va. at 446, 219 S.E.2d at 852 (quoting Allen v. Mottley Constr. Co., 160 Va. 875, 886, 170 S.E. 412, 416 (1933)).

In this case, the worker provided the employer with timely notice of the accident that met the requirements of Code § 65.2-601. The employer knew the worker was injured and receiving medical treatment. It knew the worker was on restricted duty and had reassigned him to light duty work. The worker could continue working and suffer no loss of wages because the employer paid him full wages for restricted light duty work. The worker's application was timely filed, and the evidence established the disability was present and existing when he filed it.

We hold the commission erred in ruling that Code § 65.2-601 barred the worker's claim and reverse that decision. We need not address whether Code § 65.2-708 applied to this claim, and we do not address whether the worker marketed his residual capacity because the commission did not review that part of the deputy commissioner's decision. We remand for reconsideration in light of this decision.

                                                      Reversed and remanded.