COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Frank
Argued by teleconference


LINDA M. HALL
                                                        OPINION BY
v.        Record No. 0630-03-1            JUDGE ROBERT P. FRANK
                                                     DECEMBER 16, 2003
WINN-DIXIE STORES, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

    (Matthew H. Kraft; Rutter, Walsh, Mills & Rutter, on brief), for
    appellant.  Appellant submitting on brief.

    S. Vernon Priddy, III (Sands Anderson Marks & Miller, on brief),
    for appellee.


    Linda M. Hall (claimant) appeals an order of the Virginia Workers' Compensation

Commission denying her claim for disability benefits.  The commission found no causation

between her work injury and her disability.  On appeal, she contends the commission failed to

address the medical opinion of causation and erred in denying her disability benefits for the

period from December 21, 2000 through April 1, 2001.  Winn-Dixie, Inc. (employer), in its

cross-assignment of error, contends the commission erred when it held claimant timely filed her

1998 claim.  We find the commission erred when it used a *per se* standard to determine prejudice

to claimant.  Therefore, we reverse the award and remand for further proceedings.

BACKGROUND[1]

On August 17, 1995, claimant was Bakery Manager for employer. As she was unloading a truck, she felt "a pull" in her back. She reported the accident to her supervisor. Employer filed a First Report of Accident on or about December 21, 1995. Claimant submitted a letter claim on February 15, 2001, seeking temporary total disability benefits from August 17 through September 12, 1995, except for August 20, 1995, and December 21, 2000 through April 1, 2001. This claim is not before us on appeal.

On December 24, 1998, claimant fell while pulling a pallet of bread. She stated she landed on the left side of her back. The claimant testified before the commission that she injured her left hand in the accident. Claimant indicated she immediately told her supervisor, Mr. Mentor, that she injured her back.

At the hearing before the commission, claimant confirmed her address as of January 1996. The evidence established that the commission sent a Notification Letter (blue letter) regarding the 1995 incident and an informational pamphlet to claimant on January 17, 1996, at that same address. While claimant testified she never received the blue letter, the commission found, "there is no evidence that the letter was returned by the U.S. Postal Service." The commission concluded the letter was delivered to claimant.

As to the December 24, 1998 injury, employer filed a First Report of Accident on January 17, 2001, indicating claimant's injuries were "Contusion (bruises, shin surface) Hand." On January 29, 2001, the commission sent a blue letter and pamphlet to claimant regarding the 1998 injury, at the address where she lived in January of 2001. Again, claimant denied receiving the letter.

---

[1] Since we reverse on the statute of limitations issue, we do not address the facts of claimant's injury or treatment.

Claimant filed a letter claim on March 21, 2001, for the injury in 1998 to her back and hand. She sought temporary total disability benefits from December 21, 2000 through April 1, 2001.

The deputy commissioner found both claims were barred by the statute of limitations in Code § 65.2-601. On review, the full commission agreed with the deputy commissioner that the August 17, 1995 injury was barred by the statute of limitations. This decision was not appealed to this Court.

The full commission disagreed with the deputy on the December 24, 1998 injury and found the later claim was not time barred. The commission cited Code § 65.2-602, which tolls the statute of limitations on filings by a claimant. Its opinion noted, "The Commission has held that there is *per se* prejudice when the employer does not file an [Employer's First Report] within two years after notice of an accident." The commission concluded, "employer did not file an [Employer's First Report] until January 17, 2001. The claimant testified that she was unaware of the need to file a claim within two years of the accident. Since the employer failed to file the [Employer's First Report] until more than two years after the accident, we find that its actions have prejudiced her." The commission found the statute of limitations was tolled for claimant and, therefore, her claim was timely filed.

ANALYSIS

We first address employer's assignment of cross-error that the claim from the December 24, 1998 incident is time barred under Code § 65.2-601. Employer argues the commission's "*per se* prejudice" standard does not eliminate the burden on a claimant to meet the criteria for actual prejudice established in Bristol Newspapers, Inc. v. Shaffer, 16 Va. App. 703, 706, 432 S.E.2d 23, 25 (1993), in order to invoke the tolling provisions of the Code. We agree with employer.

Under the statutory scheme, a claimant's notification to an employer of an accident, Code § 65.2-600, triggers the filing of the Employer's First Report under Code § 65.2-900,[2] which in turn causes the commission to mail its blue letter and compensation guide to the claimant, as required by Code § 65.2-201(D). Code § 65.2-602, the tolling statute, provides, in part:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by § 65.2-600, and . . . the employer has failed to file the report of said accident with the Virginia Workers' Compensation Commission as required by § 65.2-900, and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled . . . until the employer files the first report of accident required by § 65.2-900. For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by § 65.2-900 or he has received after the accident a workers' compensation guide described in § 65.2-201 or a notice in substantially the following form . . . .

Under this language of the statute, in order to toll the statute of limitations, claimant must prove (1) the employer received a notice of the accident as required by Code § 65.2-600; (2) the employer failed to timely file the report of an accident as required by Code § 65.2-900; and (3) the employer's failure to timely file the report of an accident prejudiced claimant's rights with "respect to filing a claim prior to the expiration of the statute of limitations." Without proof of prejudice, the commission cannot toll the two-year statute of limitations. See Bristol

---

[2] Code § 65.2-900 states, in part:

> Every employer shall keep a record of all injuries or deaths of its employees, which occur in the course of employment. Within ten days after the occurrence of such injury or death, and knowledge of injury as provided in § 65.2-600, a report of the injury or death shall be made and transmitted to the Commission by the employer, its representative or, in the case of an insured employer, its insurance carrier, in accordance with regulations adopted by the Commission which may authorize the transmission of such reports in written, magnetic, electronic or facsimile media.

Newspapers, Inc., 16 Va. App. at 706, 432 S.E.2d at 25 ("[N]otice, specified conduct *and prejudice* are the 'three criteria' that must be established by a claimant seeking relief pursuant to" Code § 65.2-602. (emphasis added)); Hervey v. Newport News Shipbuilding & Dry Dock Co., 12 Va. App. 88, 92, 402 S.E.2d 688, 690 (1991) (finding, under the former code section, that failure to file a report of the accident does require the tolling of the statute of limitations). Cf. Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 448-49, 412 S.E.2d 209, 210-11 (1991) (discussing the burden of proving prejudice where the employee fails to timely notify the employer of the accident).

The full commission, in finding claimant's second claim was not time barred, stated:

> With regard to the alleged December 24, 1998 injury, the employer did not file an [Employer's First Report] until January 17, 2001. The claimant testified that she was unaware of the need to file a claim within two years of the accident. Since the employer failed to file the [Employer's First Report] until more than two years after the accident, we find that its actions have prejudiced her.

> The claimant filed a claim on March 21, 2001. Since this claim was filed promptly after the date the employer filed its [Employer's First Report], we find that it was timely filed.

In reaching this decision, the commission opined that a *per se* prejudice exists if the employer does not file a First Report within two years after a notice of an accident. "*Per se*" is defined in Black's Law Dictionary, Seventh Edition, as "standing alone, without reference to additional facts, as a matter of law." While the commission employs the words "*per se* prejudice," its opinions are unclear regarding whether it actually applies this type of presumption.

In McCool v. HealthSouth Medical Center, V.W.C. File No. 192-93-61 (1999) (unpublished), the commission said:

> The Commission has held that there is *per se* prejudice if the employer does not file a First Report within two years after a notice of an accident. Chisolm v. The Washington Post, 77 Va.

- 5 -

WC 85 (1998); Ferris v. County of Roanoke, 74 OWC 59, 74 Va. WC 59 (1995), aff'd Roanoke County v. Ferris, 96 Vap UNP 0781953, No. 0781-95-3 (Va. Ct. App., January 11, 1996) (unpublished); Maleski v. The Jonathan Corporation, 95 WC UNP 1695806, VWC File No. 169-58-06 (March 3, 1995); see Giant Food, Inc., v. Roof, 95 Vap UNP 2189944, Record No. 2189-94-4 (Va. Ct. App., May 9, 1995) (unpublished). In such cases, the evidence has expressly or impliedly established that the employee was not aware of the need to file a claim within two years after the accident. Thus, the conduct of the employer operates to prejudice the rights of the employee because its failure to file a First Report deprives the claimant of receiving notice that she must file a claim within two years.

We recognize, of course, that even in these cases of "*per se*" or implied prejudice, the evidence might establish that there was no prejudice in fact. Under such circumstances, the claimant would not be entitled to a tolling of the statute of limitations. For example, if the evidence were to establish that the claimant was fully aware of the need to file a claim within two years, but failed to do so because she did not initially intend to pursue a claim, then the employer's failure to file the First Report would not have prejudiced the claimant's rights. Thus, the claimant always has the ultimate burden of establishing prejudice in order to invoke tolling under Section 65.2-602, whether through inference or otherwise.

To the extent the commission employs a *per se* rule to determine whether the statute of limitations tolls, we reject that application. Such a *per se* rule ignores the statutory requirement that prejudice be shown. Conceivably, a claimant could know of his or her responsibility to file a claim within two years despite the employer's failure to file a report within two years from the date of the accident.[3] In such a case, the failure to file the report would not prejudice the claimant's ability to make a timely filing.

Further, a *per se* rule ignores the disjunctive language of Code § 65.2-602, which states in part:

---

[3] For example, if a claimant worked in personnel and was familiar with the provisions of the Code, then an employer's failure to file the claim might not prejudice the claimant. The commission would need to consider the evidence presented to make a determination of prejudice, not apply a *per se* rule.

> For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by § 65.2-900 or he has received after the accident a workers' compensation guide described in § 65.2-201 or a notice in substantially the following form . . . .

According to the plain language of the statute, if the employer did not file a First Report, yet the claimant received a guide from the commission, then the claimant would not be prejudiced. To the extent the commission applies a *per se* standard, it ignores this provision of the statute. We believe the proper view is to follow the specific dictate of Code § 65.2-602, i.e., a claimant must prove prejudice for the tolling provisions to apply.

In the instant case, the full commission's opinion suggests it employed the *per se* rule of prejudice rather than making a finding of prejudice based on the facts in the record. The commission, in the same case and on the same evidence, found claimant's December 17, 1995 claim was barred by the statute of limitations, implicitly finding she timely received the blue letter and guide from the commission, which set forth her duty to file a claim. Yet, as to the instant injury, the commission recited claimant "was unaware of the need to file a claim within two years of the accident." The commission did not reconcile its finding that the claimant knew of her duty to file a claim for the first accident, but did not know of her duty to file for the second accident. Apparently, the commission employed the literal meaning of its *per se* prejudice holdings to the later claim.

We are aware of our standard of review concerning the commission's findings of fact. Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988) ("Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."). Yet, because of the inconsistency in its factual findings and its misapplication of the law, we cannot defer to the commission's holding in this case. Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167-68, 543

S.E.2d 619, 621 (2001) ("Findings of fact by the Workers' Compensation Commission will be upheld on appeal if supported by credible evidence. . . . The commission's finding on the legal question is not conclusive and binding upon us, but is properly subject to judicial review." (citations omitted)).

Therefore, we remand for the commission to determine if claimant met her burden to show prejudice from employer's failure to file the First Report until January 17, 2001. On remand, the commission must address whether claimant had sufficient notice of her duty to file a claim even though she did not receive guidance from the commission specifically related to the second claim.[4]

Since we remand for a determination of whether the second accident claim was time barred, we do not address claimant's additional assignments of error.

Reversed and remanded.

---

[4] The commission should decide whether additional evidentiary proceedings are appropriate.