COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


METL-SPAN 1, LTD. AND
  AMERICAN HOME ASSURANCE COMPANY
                                                            OPINION BY
v.        Record No. 1184-06-2              JUDGE RANDOLPH A. BEALES
                                                            MAY 8, 2007
JAMES L. CARTER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

S. Vernon Priddy III (Paul W. Emigholz; Sands Anderson Marks &
Miller, P.C., on brief), for appellants.

James L. Carter, *pro se*.


Metl-Span (employer) appeals from a Workers' Compensation Commission decision that

held James L. Carter's (claimant) claim for benefits was not barred by the applicable two-year

statute of limitations. Employer specifically alleges that the commission erred in finding that

employer's delay in filing an accident report prejudiced claimant. For the following reasons, we

affirm the commission.

BACKGROUND

The facts relevant to this matter are not in dispute. Claimant was injured on July 22,

2002, while employed at Metl-Span. Claimant injured his foot after being thrown off a conveyor

line. He immediately notified his supervisor of the accident and went to the Colonial Heights

Medical Center. There, claimant was informed that he suffered a tear of the Achilles tendon,

which would require surgery. Claimant had two surgeries to repair the tear and elected not to

have a third. The parties have stipulated that this was a compensable injury.

Employer paid benefits to claimant from July 23, 2002 to approximately January 24, 2005. After claimant stopped receiving checks, he called the insurer and was informed that he had not returned paperwork sent to him by the insurer. Claimant testified that the insurer sent the paperwork to an incorrect, old address, and added that he had previously informed the insurer of the address change and that benefit checks had been coming to the correct address since August or September of 2003. He further explained that he was never told that he needed to file a claim with the commission; rather, he "just assumed it was workmen's comp." Claimant had registered, though, with the Virginia Employment Commission for vocational therapy, which was provided by the insurer following the second surgery.

Employer filed an accident report (formerly "employer's first report of accident") on February 23, 2005. The commission sent a notification letter to claimant's old address on March 11, 2005. This letter was returned to the commission, whereupon it sent the letter to claimant's correct address on April 26, 2005. (The commission also issued a letter to the insurer on March 23, 2005, notifying it of claimant's address change.) Claimant filed a claim for benefits with the commission a week later on May 3, 2005.

On cross-examination before the deputy commissioner, claimant also discussed injuries he had sustained in 1984 and 1992. Employer produced a notification letter sent by the commission to claimant concerning the 1992 injury and argued that claimant's prior experience with a claim for an injury in 1992 should have put him on notice of the proper procedures under the Act. Also introduced were two other documents – a "memorandum of agreement" and an "agreed statement of fact" – from 1992; each bore claimant's signature. Claimant admitted it was possible he received the notification letter and an informational packet from the commission about the earlier injury back in 1992, but he did not remember receiving or signing the documents since "that was 13 years ago."

The deputy commissioner found the statute of limitations was tolled by Code § 65.2-602. That sole issue was appealed to the full commission, which affirmed the deputy commissioner's opinion and found "that the actions of the employer in failing to file the requisite accident report caused the claimant actual prejudice." In reaching this decision, the commission rejected employer's argument that claimant's dealings with the 1992 incident sufficiently notified him that he was required to file a claim for benefits, and, therefore, claimant could not demonstrate prejudice. The commission held, "We decline to hold the employee responsible for information he received over a decade ago about an unrelated accident with a different employer." Employer appealed to this Court.

ANALYSIS

Code § 65.2-601 states, "The right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Code § 65.2-602, however, provides for the tolling of that time period:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by § 65.2-600, and whether or not an award has been entered, such *employer nevertheless has paid compensation* or wages to such employee during incapacity for work as defined in § 65.2-500 or § 65.2-502, resulting from such injury *or* the *employer has failed to file the report* of said accident with the Virginia Workers' Compensation Commission as required by § 65.2-900, *and* such conduct of the employer has operated to *prejudice* the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled for the duration of such payment or, as the case may be, until the employer files the first report of accident required by § 65.2-900.

(Emphasis added.) That section also explains:

> For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by § 65.2-900 or he has received after the accident a workers' compensation guide described in § 65.2-201 or a notice in substantially the following form:

- 3 -

NOTICE TO EMPLOYEE.
BECAUSE OF THE ACCIDENT OR INJURY YOU HAVE
REPORTED, YOU MAY HAVE A WORKERS'
COMPENSATION CLAIM.  HOWEVER, SUCH CLAIM MAY
BE LOST IF YOU DO NOT FILE IT WITH THE VIRGINIA
WORKERS' COMPENSATION COMMISSION WITHIN THE
TIME LIMIT PROVIDED BY LAW.  YOU MAY FIND OUT
WHAT TIME LIMIT APPLIES TO YOUR INJURY BY
CONTACTING THE COMMISSION.  THE FACT THAT YOUR
EMPLOYER MAY BE COVERING YOUR MEDICAL
EXPENSES OR CONTINUING TO PAY YOUR SALARY OR
WAGES DOES NOT STOP THE TIME FROM RUNNING.

Such notice shall also include the address and telephone number
which the employee may use to contact the Commission.

Code § 65.2-900, referenced in the above, outlines the employer's responsibility to notify the commission of an accident and reads, in pertinent part:  "Within ten days after the occurrence of such injury or death, and knowledge of injury as provided in § 65.2-600, a report of the injury or death shall be made and transmitted to the Commission by the employer . . . ."  Here, employer did not file an accident report until February 23, 2005, which was approximately two and one-half years after the accident.

According to Code § 65.2-602, the two-year statute of limitations period is tolled if an employer either fails to file an accident report or pays benefits to the claimant during this period and the claimant shows he suffered prejudice as a result of either action.[1]  As this Court has explained on previous occasions, "Without proof of prejudice, the commission cannot toll the two-year statute of limitations."  Hall v. Winn-Dixie Stores, Inc., 41 Va. App. 835, 839, 589

---

[1] If an employer pays benefits to a claimant, the limitations period is tolled from the date of the accident until the date claimant stops receiving compensation.  See Commonwealth Medical Inst. v. Stop-Headstart Program, 18 Va. App. 461, 463, 453 S.E.2d 566, 567 (1994) ("The statute is only tolled for the 'duration' of the payment of compensation by the employer.").

- 4 -

S.E.2d 484, 486 (2003).[2] In this matter, employer failed to file the required accident report and paid the claimant benefits for over two years following the accident. Therefore, in order to toll the statute of limitations, claimant need only demonstrate that he suffered prejudice.

It is clear that, "Where the employee receives notice from the commission about the filing of a claim, there is a presumption he was not prejudiced." Strong v. Old Dominion Power Comp., 35 Va. App. 119, 125, 543 S.E.2d 598, 601 (2001). Here, employer introduced evidence from claimant's unrelated 1992 accident, where the commission had mailed him a notification letter and an informational pamphlet. Though claimant could not remember receiving and signing documents related to that accident (the documents bore his signature), there is a presumption that a claimant has received materials sent by the commission unless the mail is returned undeliverable. See Villwock v. Ins. Co. of N. Am./Cigna, 22 Va. App. 127, 135, 468 S.E.2d 130, 134 (1996) ("In Virginia, the mailing of correspondence, properly addressed and stamped, raises a presumption of receipt of the correspondence by the addressee."). Employer argues that the receipt of this information should have informed and notified claimant that he was required to file a claim for benefits with the commission for the later accident at issue here that occurred in 2002. The commission "decline[d] to hold the employee responsible for

---

[2] In Hall, this Court rejected the concept of prejudice *per se*:

> Such a *per se* rule ignores the statutory requirement that prejudice
> be shown. Conceivably, a claimant could know of his or her
> responsibility to file a claim within two years despite the
> employer's failure to file a report within two years from the date of
> the accident. . . . In such a case, the failure to file the report would
> not prejudice the claimant's ability to make a timely filing.
> Further, a *per se* rule ignores the disjunctive language of Code
> § 65.2-602 . . . .

41 Va. App. at 841-42, 589 S.E.2d at 487. Thus, a claimant must demonstrate, and bears the burden of proving, that he suffered prejudice as a result of the employer's delay in filing the first report.

information he received over a decade ago about an unrelated workers' compensation claim." We agree that it is unreasonable to place such a burden upon claimant.

As we explained in Hall, "Under the statutory scheme, a claimant's notification to an employer of an accident, Code § 65.2-600, triggers the filing of the Employer's First Report under Code § 65.2-900, which in turn causes the commission to mail its blue letter and compensation guide to the claimant . . . ." Hall, 41 Va. App. at 838-39, 589 S.E.2d at 486. Here, because employer failed to file a timely accident report, the commission never sent claimant its standard notification letter or "blue letter" and compensation guide. Thus, the commission did not notify claimant of his duty to file a claim for benefits. Moreover, claimant, who received benefits from his employer for approximately two and a half years following the injury, explained that neither the insurer nor the employer "said anything [to him] about workmen's comp." As soon as claimant received information from the commission at his correct address, claimant promptly filed a claim for benefits. The commission, therefore, could quite reasonably conclude that claimant would have timely filed a claim for benefits if he had received a blue letter and compensation guide from the commission. Accordingly, we hold that the record supports a finding that claimant was prejudiced by employer's delay in filing the accident report with the commission.

CONCLUSION

The ruling of the commission is affirmed.

Affirmed.