COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


JUAN AYALA

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1540-07-4               JUDGE JEAN HARRISON CLEMENTS
                                                       FEBRUARY 19, 2008
HANN & HANN, INC. AND
 PEERLESS INSURANCE COMPANY


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Daniel P. Barrera (W. Geovanni Munoz; The Chandler Law Group,
              on briefs), for appellant.

              Roger L. Williams (John T. Cornett, Jr.; Williams & Lynch, on
              brief), for appellees.


       Juan Ayala (claimant) appeals a decision of the Workers' Compensation Commission

(commission) denying benefits on his claim against Hann & Hann, Inc. and Peerless Insurance

Company (collectively, employer).  Claimant contends the commission erred in concluding that

the statute of limitations contained in Code § 65.2-601 barred his claim.  Finding no error, we

affirm the commission's decision.

       As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

Claimant sustained injury to his left knee on June 26, 2003 while working for employer. The parties stipulated that employer received timely notice of the accident, that claimant's injury was compensable, that benefits were paid during certain periods following the injury, and that employer never filed a first report of accident.

Although claimant's injury required continuing medical treatment, employer ceased paying benefits to claimant.  Subsequently, claimant filed a claim for benefits with the commission on November 15, 2005.  Following a hearing on the claim, the deputy commissioner found the two-year statute of limitations set forth in Code § 65.2-601 was tolled pursuant to Code § 65.2-602 because employer's "failure to file the [first report of accident] prejudiced the claimant's rights" in that he never received a blue letter or informational pamphlet from the commission informing him of the need to file within the limitations period.

Reversing the deputy commissioner, the commission held that the claim was time barred. In reaching that decision, the commission stated, as follows:

> The [d]eputy [c]ommissioner erred by presuming prejudice. At no time during the hearing did the claimant testify he was prejudiced by the employer's failure to file an accident report.  Not only did he fail to present this necessary evidence, within two months after his accident the claimant hired an attorney who actively represented him for about a year and [a] half.  Under these circumstances, we cannot presume prejudice so as to toll the statute of limitations.

This appeal by claimant followed.

## II.  ANALYSIS

On appeal, claimant contends the commission erred in finding his claim for benefits time barred.  Specifically, he claims the commission "improperly applied the facts to the law" in concluding that he was not prejudiced by employer's failure to file a first report of accident.  We disagree.

"By well established principles, we view the evidence in the record in the light most favorable to the party prevailing before the commission." Boys and Girls Club of Virginia v. Marshall, 37 Va. App. 83, 85, 554 S.E.2d 104, 105 (2001). "Findings of fact by the [commission] will be upheld on appeal if supported by credible evidence." Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167-68, 543 S.E.2d 619, 621 (2001). "'In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.'" Henrico County Sch. Bd. v. Etter, 36 Va. App. 437, 443-44, 552 S.E.2d 372, 375 (2001) (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)). However, the commission's legal determinations are not binding on appeal and will be reviewed *de novo*. Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995).

"A claim for compensation must be filed with the commission within two years after the accident or the claim shall be forever barred. Code § 65.2-601. This provision is jurisdictional, and failure to file within the prescribed time will bar a claim." Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994). However, Code § 65.2-602 operates to toll the statutory bar, as follows:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by § 65.2-600, and whether or not an award has been entered, such employer nevertheless has paid compensation or wages to such employee during incapacity for work as defined in § 65.2-500 or § 65.2-502, resulting from such injury or the employer has failed to file the report of said accident with the Virginia Workers' Compensation Commission as required by § 65.2-900, and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled for the duration of such payment or, as the case may be, until the employer files the first report of accident required by § 65.2-900. For purposes of this

- 3 -

section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by § 65.2-900 or he has received after the accident a workers' compensation guide described in § 65.2-201 or a notice in substantially the following form . . . .

To invoke the tolling provision of Code § 65.2-602, the claimant bears the burden of establishing prejudice. Hall v. Winn-Dixie Stores, Inc., 41 Va. App. 835, 842, 589 S.E.2d 484, 488 (2003) (rejecting the application of a *per se* rule of prejudice and remanding "for the commission to determine if claimant met her burden to show prejudice from employer's failure to file the [f]irst [r]eport").

Applying these principles to this case, we conclude that the record supports the commission's finding that claimant did not sustain his burden of proving he was prejudiced by employer's failure to file a first report of accident.

As the commission noted, within two months after claimant's accident, claimant had hired Kamal Nawash as his attorney "who actively represented him for about a year and [a half]" in connection with his injury. In a letter dated August 4, 2003, Nawash informed employer's insurer that he represented claimant "in a case of workers' [c]ompensation" and to "forward any future correspondence to [Nawash's] attention." Nawash's office corresponded through four facsimile transmission forms dated between October 2003 and June 2004 with employer's insurer regarding claimant's injury.

At the hearing before the deputy commissioner, Analuisa Clark, a case manager hired by employer's insurer to coordinate claimant's medical treatment, testified as to the frequent correspondence she had with Nawash's office, including updates she provided for every physician appointment and faxes to Nawash's office containing disability slips, medical records, and any kind of paperwork involving claimant's treatment.

Indeed, at no time during the hearing did claimant testify that he was prejudiced by employer's failure to file the first report of accident. Furthermore, absent from the record is evidence presented by claimant that proved he was not aware of the requirement of filing his claim with the commission within the two-year limitations period.

Considering these circumstances, we conclude that credible evidence supports the commission's determination that claimant did not prove prejudice. We hold, therefore, that the commission did not err in finding claimant's claim for benefits barred by the statute of limitations contained in Code § 65.2-601.

### III. CONCLUSION

For these reasons, we affirm the decision of the commission.

<u>Affirmed.</u>