COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


PAYTON JONES, JR.

                                                                    OPINION BY
v.        Record No. 2474-08-1                      JUDGE ROBERT P. FRANK
                                                                    APRIL 21, 2009
GWALTNEY OF SMITHFIELD, LTD. AND
   ACE AMERICAN INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Charlene A. Morring (Montagna Klein Camden, L.L.P., on briefs),
                for appellant.

                William W. Nexsen (Jeffrey P. Partington; Stackhouse, Nexsen &
                Turrietta, PLLC, on brief), for appellees.


        Payton Jones, Jr., claimant, appeals a decision of the Virginia Workers' Compensation

Commission denying his claim for benefits against Gwaltney of Smithfield, Ltd. and Ace

American Insurance Company (collectively "employer").  Claimant contends the commission

erred in concluding that the statute of limitations, as codified in Code § 65.2-601, barred his

claim.  We find the commission erred when it applied an incorrect standard in determining a lack

of prejudice to claimant.  Therefore, we reverse the commission's finding and remand for a

determination of prejudice based on the existing record.

                                        BACKGROUND

        Claimant was ending his shift on January 29, 2005 when he slipped on the wet floor of

the "bacon room" and injured his left knee.  Claimant reported the accident to his supervisor,

who sent him to the plant's medical clinic.  Claimant testified that he was never told he needed to

file a report of his accident.

In May 2007, claimant filed an application for benefits arising out of the injury he suffered on January 29, 2005. On June 21, 2007 employer filed its first report of accident.

In denying benefits to the claimant, the full commission affirmed the deputy commissioner, stating that although employer should have filed a Minor Injury Report, claimant was not prejudiced by employer's failure to do so and therefore the claim is barred by statute of limitations. The commission reasoned, "In this case, the claimant never stated that the employer or insurer told him not to file a claim. The evidence does not show that they purposefully misled or wrongly acted towards him to entice him not to file a claim."

Claimant appealed the commission's decision. Employer filed a cross-appeal to the commission's ruling that employer should have timely filed a Minor Report of Injury.[1]

ANALYSIS

On appeal, claimant contends the commission erred in finding his claim for benefits is time-barred. Specifically, he claims the commission misapplied our decision in Hall v. Winn-Dixie Stores, Inc., 41 Va. App. 835, 589 S.E.2d 484 (2003), in finding that claimant was not prejudiced by employer's failure to timely file a first report of accident.

"A claim for compensation must be filed with the commission within two years after the accident or the claim shall be forever barred. Code § 65.2-601. This provision is jurisdictional, and failure to file within the prescribed time will bar a claim." Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994). However, Code § 65.2-602 provides for the tolling of that time period:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by § 65.2-600, and whether or not an award has been entered, such employer nevertheless has paid compensation or wages to such employee during incapacity for work as defined in § 65.2-500 or

---

[1] Appellees withdrew their cross-appeal at oral argument.

§ 65.2-502, resulting from such injury or the employer has failed to file the report of said accident with the Virginia Workers' Compensation Commission as required by § 65.2-900, and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled for the duration of such payment or, as the case may be, until the employer files the first report of accident required by § 65.2-900. For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by § 65.2-900 or he has received after the accident a workers' compensation guide described in § 65.2-201 or a notice in substantially the following form . . . .

Under this language of the statute, in order to toll the statute of limitations, claimant must prove: (1) the employer received a notice of the accident as required by Code § 65.2-600; (2) the employer failed to timely file the report of an accident as required by Code § 65.2-900; and (3) the employer's failure to timely file the report of an accident prejudiced claimant's rights with "'respect to filing a claim prior to the expiration of the statute of limitations.'"[2] Hall, 41 Va. App. at 839, 589 S.E.2d at 486 (quoting Code § 65.2-602). To invoke the tolling provision of Code § 65.2-602, the claimant bears the burden of establishing prejudice. See id. at 842, 589 S.E.2d at 488 (rejecting the application of a *per se* rule of prejudice and remanding "for the commission to determine if claimant met her burden to show prejudice from employer's failure to file the [f]irst [r]eport").

The common thread in our cases that address prejudice is whether the claimant was aware of his duty to file a claim in the absence of material from the commission advising of the necessity to file a timely claim. See id. at 843, 589 S.E.2d at 488 ("On remand, the commission must address whether claimant had sufficient notice of her duty to file a claim even though she did not receive guidance from the commission specifically related to the second claim.").

---

[2] Appellant does not contest the first and second prong of these statutory requirements.

- 3 -

Similarly, in <u>Metl-Span 1, Ltd. v. Carter</u>, 49 Va. App. 685, 644 S.E.2d 101 (2007), claimant was injured in a work-related accident in July of 2002. He received benefits from his employer until January 2005. <u>Id.</u> at 687, 644 S.E.2d at 102. Employer filed its first report of accident on February 23, 2005. <u>Id.</u> The commission sent notice to claimant, and claimant filed for benefits a week later. <u>Id.</u> at 688, 644 S.E.2d at 103. In awarding benefits, the commission found that employer's actions in not timely filing the report tolled the statute of limitations and claimant was prejudiced. <u>Id.</u> at 691, 644 S.E.2d at 104. This Court affirmed, finding that a prior claim filed by claimant ten years earlier did not put claimant on notice of his duty to file this claim with the commission. <u>Id.</u> The Court further expressed that the commission "could quite reasonably conclude that claimant would have timely filed a claim for benefits if he had received a blue letter[3] and compensation guide from the commission." <u>Id.</u> at 692, 644 S.E.2d at 105.

In this case, the commission made it clear that it was not employing the doctrines of estoppel or imposition because there was no evidence of such before it. In finding claimant's claim was time-barred, the commission stated that the claimant never alleged that the employer or insurer told him not to file a claim. The commission further found that employer never purposefully misled or acted inappropriately towards claimant to persuade him not to file a claim. We know of no cases or statutes that require a showing of a wrongful act on the part of the employer in order to establish prejudice. The commission nevertheless used this incorrect standard to evaluate prejudice.

To the extent that the commission applied an improper standard in evaluating prejudice, we find the commission erred. We remand for the commission to determine if claimant met his burden to show prejudice from employer's failure to file the first report of accident until June 21,

---

[3] The "blue letter" is a standard notification letter sent by the commission that explains an employee's obligation to file a claim within two years from the date of injury.

2007.  On remand, the commission is instructed, based upon the existing record, to address whether claimant was prejudiced by employer's failure to file a first report of accident.

CONCLUSION

We find the commission erred in employing an incorrect standard in finding that claimant did not show prejudice.  Accordingly, we remand to the commission to determine if claimant met his burden to prove he was prejudiced by employer's failure to file a first report of accident.

Reversed and remanded.