KELSEY, J.,
concurring in result.
Thomas A. Jewell sustained two work-related accidents on two different occasions. He hurt his wrist on January 19, 2007 and his left thumb on May 22, 2007. Under Code § 65.2-601, Jewell had two years from the date of each accident to file worker’s compensation claims. He filed an *150 untimely claim for the left thumb injury. A divided commission excused Jewell’s untimely claim on the grounds that his employer also neglected to file a timely “report of accident” and that Jewell suffered actual prejudice—thereby triggering the tolling provisions of Code § 65.2-602.
The majority affirms the commission and, in the process, decides an issue of “first impression.” Ante at 143, 724 S.E.2d at 241. On this issue, I cannot join the majority’s reasoning for two reasons. First, it is unnecessary to decide this novel question because no matter the answer, the result remains the same. Second, if it were necessary to decide this issue, I would decide it differently.
I. Code § 65.2-602 Tolling
In pertinent part, Code § 65.2-602 tolls the statute of limitations if the employer failed to file a timely report of accident and the omission “operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration” of the limitation period. The statute, however, includes a very specific proviso. Among other things, it provides the employee “shall be deemed not prejudiced” if he received “after the accident” a notice of his rights in “substantially” the same form as a sample notice provision set out in the statute. Code § 65.2-602 (emphasis added).
With respect to the statute of limitations, the sample notice tells the employee that “such claim may be lost if you do not file it with the Virginia Workers’ Compensation Commission within the time limit provided by law.” Id. (capitalization omitted). The sample notice then advises generally, “You may find out what time limit applies to your injury by contacting the Commission.” Id.
The notice proviso to the per se presumption of non-prejudice, therefore, includes only two essential elements: The notice must (i) be “after the accident”, and (ii) in “substantially” the same form as the sample notice set out in the statute. If both elements are satisfied, Code § 65.2-602 provides that *151 the employee “shall be deemed not prejudiced” by the employer’s failure to file a timely “report of accident.”
The per se presumption of non-prejudice, however, defeats tolling only prospectively. It does not “retrospectively eliminate the tolling of the statute of limitations which had already occurred.” Commonwealth Med. Inst. v. Stop-Headstart Program, 18 Va.App. 461, 463, 453 S.E.2d 566, 566 (1994); see also Metl-Span 1, Ltd. v. Carter, 49 Va.App. 685, 690 n. 1, 644 S.E.2d 101, 104 n. 1 (2007); accord Bristol Newspapers, Inc. v. Shaffer, 16 Va.App. 703, 707-08 & n. 5, 432 S.E.2d 23, 26 & n. 5 (1993). Thus, whatever tolling (if any) a claimant can establish under Code § 65.2-602 prior to receiving a compliant notice remains unaffected by the per se showing of non-prejudice. Id.
In this case, Jewell received a notice from the commission after the accident. Dated May 19, 2008, the notice expressly warned Jewell of the governing statute of limitation:
This letter is a reminder regarding your rights under the Virginia Workers’ Compensation Act. Your file indicates that you have made no written claim for medical or wage loss benefits for the Incident listed above, and that no Agreement to Pay Benefits (VWC Form no. 4) has been filed. The Act requires that all claims for benefits be filed with the Commission within (2) years of the date of the accident.
App. at 66 (emphasis added). The majority holds this notice did not trigger Code § 65.2-602’s per se presumption of non-prejudice because the commission sent the notice to Jewell in response to the employer’s report of the wrist injury, not the left thumb injury. This matters, the majority reasons, because the notice received by Jewell substantially differs from the statutory sample notice referring to “the” claim and “such” claim, ante at 145-46, 724 S.E.2d at 242, not some other claim. For several reasons, I find this semantic argument weak at best. But, more important, I find it unnecessary to break new ground on this issue.
*152 II. The Unnecessary Issue of First Impression
In this case, it does not matter whether the notice Jewell received triggered the per se presumption of non-prejudice because, even if it did, it would not retroactively apply to the period between the accident and the notice. See Commonwealth Med. Inst., 18 Va.App. at 463, 453 S.E.2d at 566; see also Metl-Span 1, Ltd., 49 Va.App. at 690 n. 1, 644 S.E.2d at 104 n. 1. The per se presumption of non-prejudice, when it applies, defeats Code § 65.2-602 tolling only prospectively. Id.
Jewell’s left-thumb accident occurred in May 2007. He received the commission’s notice in May 2008. And he filed his left thumb claim in August 2009. As a result, the commission’s notice (if effective) would have precluded tolling (by deeming Jewell per se non-prejudiced) from May 2008 to August 2009. But it would not have precluded tolling (if Jewell proved actual prejudice) from May 2007 to May 2008. If the pre-notice tolling applied and the post-notice tolling did not, Jewell still filed his claim within the statutory two years after the accident (May 2008 to August 2009, one year and three months).
The commission held Jewell carried his burden of persuasion by proving he was actually prejudiced by the employer’s failure to file a timely “report of accident.” The majority correctly concludes this factual issue is one we must respect on appeal, whether we agree with it or not. Ante at 147-49, 724 S.E.2d at 243-44. Jewell proved he suffered actual prejudice under Code § 65.2-602 prior to receiving the commission’s notice and, thus, the initial tolling period (May 2007 to May 2008) remains unaffected by the prospective per se showing of non-prejudice. Under the majority’s analysis, it is unnecessary to decide whether the commission’s notice triggered Code § 65.2-602’s per se presumption of non-prejudice. Whether it did or not is irrelevant, given the commission’s finding of actual prejudice during the period preceding the notice.
*153 In short, I cannot join the majority’s reasoning on the issue of “first impression,” ante at 143, 724 S.E.2d at 241, because it departs from our traditional practice of seeking “ ‘the best and narrowest ground available’ for our decision,” Morris v. City of Va. Beach, 58 Va.App. 173, 180, 707 S.E.2d 479, 482 (2011) (quoting Armstead v. Commonwealth, 56 Va.App. 569, 576, 695 S.E.2d 561, 564 (2010)), and of resolving cases “on what we conceive to be the determinative points,” id. (quoting Justice Herbert B. Gregory, Shorter Judicial Opinions, 34 Va. L.Rev. 362, 365 (1948)).
III. The Issue of First Impression
At any rate, I disagree with the majority’s view that the commission’s notice failed to trigger Code § 65.2-602’s per se presumption of non-prejudice because the commission sent the notice to Jewell in response to the employer’s report of the wrist injury, not the left thumb injury. For various reasons, I find this conclusion as unpersuasive as it is unnecessary.
To begin with, commission precedent on this issue has been settled for nearly two decades. In Adkins v. Nabisco Biscuit, VWC No. 161-79-17 (July 16, 1996), aff'd, No. 1803-96-2, 1997 WL 421219, 1997 Va.App. Lexis 513 (1997), the commission held that an otherwise compliant notice for one accident is sufficient to provide notice for another accident for purposes of the per se presumption of non-prejudice under Code § 65.2-602.[9] It is “of no moment,” the commission reasoned, that the claimant received a notice of rights in response to a different accident. Id. “The rights and responsibilities of the parties were the same as to either accident....” Id.
I agree with Adkins. The commission’s notice to Jewell did not limit itself to the wrist injury. In no uncertain terms, the notice stated it served as “a reminder regarding your rights under the Virginia Workers’ Compensation Act.” App. at 66. And, with respect to the statute of limitations, the reminder *154 was general, not specific: “The Act requires that all claims for benefits be filed with the Commission within (2) years of the date of the accident.” Id. (emphasis added). Not some claims, not just the wrist claim—but “all claims for benefits” under the Act. Id. (emphasis added).
Along these same lines, an internally consistent interpretation of Code § 65.2-602 must take into account that “a workers’ compensation guide” can also trigger the per se presumption of non-prejudice just as effectively as a notice substantially similar to the statute’s sample notice. The guide generally “informs an injured employee of his rights,” Code § 65.2-201, and does not limit itself to a specific accident or claim.[10] “According to the plain language of the statute, if the employer did not file a First Report, yet the claimant received a guide from the commission, then the claimant would not be prejudiced.” Hall v. Winn-Dixie Stores, Inc., 41 Va.App. 835, 842, 589 S.E.2d 484, 488 (2003). Yet the majority’s reasoning—that only a notification specific to a particular accident complies with Code § 65.2-602— could not possibly apply to the guide.
To be sure, the notice received by Jewell went further than the sample statutory notice. Code § 65.2-602’s sample notice obliquely informs the employee that a claim “may be lost” if not filed “within the time limit provided by law.” Nowhere does it advise the employee of the exact time limit. In contrast, the actual notice received by Jewell made clear that “all claims for benefits” must be “filed with the Commission within (2) years of the date of the accident.” App. at 66 (emphasis added). Thus, to the extent Jewell’s notice was substantially different than the statutory sample notice, it was substantially better.
*155 We need not judicially fashion a limiting principle for the statute. It has its own. The commission’s notice must be received “after the accident,” Code § 65.2-602, not before it. This clarification necessarily presupposes that a notice, if substantially similar to the statute’s sample language, could refer to a different accident and yet still trigger the per se presumption of non-prejudice. After all, a notice could never refer to an accident that has not yet happened. If a notice for one accident could never be sufficient for another, then the statute’s after-the-accident limiting principle would be superfluous. By its very nature, a before-the-accident notice will always refer to a different accident.
Finally, the majority’s construction of Code § 65.2-602’s tolling provision would lead to anomalous results. Take Jewell’s case as an example. He had two accidents on two different dates. The employer filed the required accident report for the first accident, but not the second. Suppose Jewell had filed untimely claims for both injuries. Under the majority’s interpretation, Code § 65.2-602 would apply a per se presumption of non-prejudice to the first claim, but not the second. The law would thus deem Jewell at once aware and unaware of the statute of limitation. This disparity in treatment cannot be explained, much less persuasively reconciled.
IV. Conclusion
In sum, I see no need for the majority to break new ground on the issue of “first impression,” ante at 143, 724 S.E.2d at 241, a matter legally and logically unnecessary for us to decide. If it were necessary to decide the issue, I would hold the commission’s May 2008 notice triggered Code § 65.2-602’s per se presumption of non-prejudice.

. In Jewell’s case, the dissenting opinion addressed Adkins. The majority opinion did not. See Jewell v. Falls Church Cabinetry, No. 241-45-66, 2011 Va. Wrk. Comp. Lexis 81 (July 20, 2011).

. The relevant portion of the guide explains: "An employee must file a claim with the Workers' Compensation Commission within two years from the date of the accident or any right to benefits may be lost.” Injured Worker’s Guide: Information for Employees, available at http:// www.vwc.state.va.us/portal/vwc-website/ComServices/ComSrvcFor InjuredWorkers/ComSrvcForlnjuredWorkersGuide. Nothing in the guide suggests it refers to a particular accident.