COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Senior Judge Willis
Argued at Alexandria, Virginia


BARBARA WILLIAMS-DAVIDSON

MEMORANDUM OPINION* BY

v.        Record No. 1454-12-4            JUDGE ROSSIE D. ALSTON, JR.
                                           FEBRUARY 26, 2013

INOVA FAIRFAX HOSPITAL AND
  INOVA HEALTH SYSTEM FOUNDATION, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Kathleen Grace Walsh (Law Office of Kathleen Grace Walsh, on
        brief), for appellant.

        Bryan M. Kirchner (Angela F. Gibbs; Emily S. Kirkpatrick; Midkiff,
        Muncie & Ross, P.C., on brief), for appellees.


        Barbara Williams-Davidson (claimant) appeals from an opinion of the Workers'

Compensation Commission denying her claim for benefits.  On appeal, claimant alleges the

commission erred in ruling that claimant's claim was barred by the statute of limitations.

Because we hold that the statute of limitations was not tolled under Code § 65.2-602, we affirm.

## I.  BACKGROUND

        "By well established principles, we view the evidence in the record in the light most

favorable to the party prevailing before the commission," in this case, employer.  Boys and Girls

Club of Virginia v. Marshall, 37 Va. App. 83, 85, 554 S.E.2d 104, 105 (2001).

        So viewed, the evidence indicated that claimant suffered an injury to her knees on

September 8, 2006, in the course of her employment with Inova Fairfax Hospital (employer) as a

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

registered nurse. Immediately after her injury, claimant received treatment in employer's

emergency room; claimant did not receive a bill for her treatment.

On September 12, 2006, employer completed a first accident report regarding claimant's

injury, but it was not submitted to the commission at this time.[1]

On August 13, 2008, employer's insurer submitted employer's first accident report to the

commission. On August 22, 2008, within two years of the date of claimant's workplace

accident, the commission sent claimant a "blue letter," notifying claimant that an accident had

been reported via an employer's first accident report.[2] The letter also notified claimant of the

time limit by which she was required to file a claim for benefits, stating, "Your Claim for

Benefits (VWC Form No. 5) must be filed with the Commission within the following time limits:

[For] Injury by Accident – Two years from the date of your accident." The letter stated that any

payments made by an employer without the entry of an award by the commission were voluntary

and that a claimant's rights to future benefits may be lost if he did not file a claim for benefits

within the proper time limits.

Between August and October 2008, claimant's physician gave claimant injections to treat

her knees. During this time, claimant received no bills for the cost of the injections. However, at

some point in 2009, claimant attempted to fill a prescription for further injections, and the

pharmacy informed her that she would have to pay $1,300 out-of-pocket for them because they

were no longer covered by insurance.

---

[1] Employer also alleges (and the commission found) that employer filed Form 45A, the minor medical report, with the commission on October 17, 2006.

[2] "The 'blue letter' is a standard notification letter sent by the commission that explains an employee's obligation to file a claim within two years from the date of injury." Jones v. Gwaltney of Smithfield, Ltd., 53 Va. App. 760, 764 n.3, 675 S.E.2d 220, 222 n.3 (2009).

On February 17, 2009, more than two years after claimant's workplace accident, claimant received a second blue letter from the commission reiterating that all claims for benefits must be filed with the commission within two years of the date of the accident.

On July 25, 2009, claimant filed a claim for benefits before the commission, asserting that she was unaware of the time limits for filing a claim. Approximately one month later, on August 29, 2009, claimant filed a second claim for benefits and requested a hearing before the deputy commissioner.

At the hearing before the deputy commissioner, employer stipulated as to "the compensability of the accident and the injury to both knees" but argued that the claim was barred by the statute of limitations. Claimant testified before the deputy commissioner regarding the 2008 and 2009 blue letters. Claimant did not testify specifically whether or not she recalled receiving the 2008 blue letter. When asked whether she contacted employer or employer's insurance carrier as suggested by the 2008 blue letter, claimant acknowledged she spoke to PMA Insurance Company. Claimant also testified that she "really did[ not] remember" receiving the 2009 blue letter. Claimant did acknowledge, though, that both letters were sent to her address.

The deputy commissioner dismissed claimant's claim for benefits, finding that the statute of limitations barred the claim and that there was no basis for tolling the statute of limitations under Code § 65.2-602 because employer timely filed the accident report and the commission's notification and informal pamphlet was sent to claimant before the limitations period expired.

Claimant filed a request for review by the commission, asserting the deputy commissioner erred in finding that the claim was barred by the statute of limitations. Claimant argued that, contrary to the deputy commissioner's findings, employer's first accident report was not timely filed. In response, employer argued that the deputy commissioner found that

employer's first accident report was filed within the statute of limitations and that its failure to timely file the first accident report did not prejudice claimant because she received notice of the statute of limitations before its expiration.

The commission reversed the deputy commissioner's decision and remanded for a hearing on the merits, finding that, contrary to the deputy commissioner's finding, employer's first accident report was not timely filed with the commission. The commission found that employer did not file the first accident report until August 13, 2008, only twenty-six days before the statute of limitations expired and that claimant received the commission's blue letter only seventeen days before the statute of limitations ran out. The commission thus found that claimant was prejudiced by employer's failure to timely file the first accident report. The commission concluded that claimant was not aware of her duty to file a claim "until she was informed by [employer's insurer] that they would no longer cover her medical treatment."

Employer filed a motion with the commission to vacate and reconsider its decision. Employer argued that the timely filing of Form 45A, the minor injury report, prevented a finding that the statute of limitations was tolled.

On July 8, 2011, the commission vacated its earlier order and granted reconsideration of the case. On August 2, 2012, the commission issued its opinion upon reconsideration and held that claimant's claim was barred by the statute of limitations. The commission stated that "according to the Commission's records," employer filed a Form 45A minor medical report and "[t]he Commission's Red Guide was mailed to [claimant] on [10/26/06; and our] file also shows that the guide was not returned by the postal service." Because the commission found that employer timely filed Form 45A and claimant received the red guide with notice of the two-year

statute of limitations, the commission held that Code § 65.2-602 did not toll the statute of limitations. This appeal followed.

## II. ANALYSIS

"Whether a claim is barred by the statute of limitations is a question of law. This Court 'review[s] questions of law *de novo*.'" Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005) (quoting Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002) (internal quotation marks and citation omitted)).

Code § 65.2-601 provides that the right to compensation under the Act is "forever barred, unless a claim be filed with the Commission within two years after the accident." Claimant's claim was filed on July 15, 2009, more than two years after the September 8, 2006 workplace accident. Therefore, Code § 65.2-601 bars claimant's claim unless an exception to the statute of limitations applies.

Code § 65.2-602 creates an exception to the two-year statute of limitations. It provides:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by [Code] § 65.2-600, and . . . the employer has failed to file the report of said accident with the Virginia Workers' Compensation Commission as required by [Code] § 65.2-900, and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled . . . until the employer files the first report of accident required by [Code] § 65.2-900. For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by [Code] § 65.2-900 or he has received after the accident a workers' compensation guide described in [Code] § 65.2-201 or a notice in substantially the following form:
>
> NOTICE TO EMPLOYEE.
>
> BECAUSE OF THE ACCIDENT OR INJURY YOU HAVE REPORTED, YOU MAY HAVE A WORKERS'

COMPENSATION CLAIM. HOWEVER, SUCH CLAIM MAY BE LOST IF YOU DO NOT FILE IT WITH THE VIRGINIA WORKERS' COMPENSATION COMMISSION WITHIN THE TIME LIMIT PROVIDED BY LAW. YOU MAY FIND OUT WHAT TIME LIMIT APPLIES TO YOUR INJURY BY CONTACTING THE COMMISSION. THE FACT THAT YOUR EMPLOYER MAY BE COVERING YOUR MEDICAL EXPENSES OR CONTINUING TO PAY YOUR SALARY OR WAGES DOES NOT STOP THE TIME FROM RUNNING.

Under Code § 65.2-602, to toll the statute of limitations, a claimant must prove:

(1) the employer received a notice of the accident as required by Code § 65.2-600; (2) the employer failed to timely file the report of an accident as required by Code § 65.2-900; and (3) the employer's failure to timely file the report of an accident prejudiced claimant's rights with "respect to [the] filing [of] a claim prior to . . . expiration of [a] statute of limitations."

Hall v. Winn-Dixie Stores, Inc., 41 Va. App. 835, 839, 589 S.E.2d 484, 486 (2003) (quoting Code § 65.2-602). "Without proof of prejudice, the commission cannot toll the two-year statute of limitations." Id. (citing Bristol Newspapers , Inc. v. Shaffer, 16 Va. App. 703, 706, 432 S.E.2d 23, 25 (1993)).

As stated above, Code § 65.2-602 provides, in part, "[f]or purposes of this section, such rights of an employee shall be deemed not prejudiced if . . . he has received after the accident a workers' compensation guide described in [Code] § 65.2-201 or a notice in substantially the following form: [form language omitted]." Claimant received the commission's blue letter on August 22, 2008, seventeen days before the two-year statute of limitations expired on September 8, 2008. The blue letter clearly stated that a claim for benefits must be filed within two years of the date of the accident. Because claimant received the blue letter after her accident and before the statute of limitations expired, the clear and unambiguous language of Code § 65.2-602 dictates that her rights with respect to filing a timely claim were not prejudiced as a matter of

law.[3]  As a result, although claimant has proven that (1) employer received notice of the accident and (2) employer failed to timely file the first accident report, claimant has not proven that employer's failure to timely file the first accident report "prejudiced claimant's rights with 'respect to [the] filing [of] a claim prior to . . . expiration of [a] statute of limitations.'"  Hall, 41 Va. App. at 839, 589 S.E.2d at 486 (quoting Code § 65.2-602).  Therefore, we hold that the commission did not err in holding that claimant's claim was barred by the statute of limitations.[4]

Affirmed.

---

[3] As it is unnecessary to do so under the circumstances of this case, we do not address how the statute would be applied in a situation where a claimant received the guide even closer in time to the expiration of the statute of limitations than claimant in the case at bar.

[4] Because we reach our holding on the grounds that claimant received the commission's blue letter before the statute of limitations expired, we do not address the propriety of the commission's determination that employer timely filed Form 45A and claimant received the commission's red guide, or its holding that the filing of Form 45A and receipt of the red guide prevented the tolling of the statute of limitations under Code § 65.2-602.